WATKINS *v*. WAYNE CIRCUIT JUDGE.

1. MANDAMUS—JUDGMENT—RES ADJUDICATA.
   Whether chancery suit is *res adjudicata* of validity of default judgment and proceedings leading up to it may not be considered by Supreme Court in mandamus proceedings to set aside order vacating said judgment, where bill does not appear in the record.

2. SAME—QUESTIONS CONSIDERED.
   In mandamus proceedings Supreme Court considers only questions which are raised by counsel and are presented by the record.

3. JUDGMENT—DEFAULT—MOTION TO SET ASIDE.
   Under Circuit Court Rule No. 32, § 4, where there was personal service, motion to set aside default must be made within six months and the default must be regularly filed or entered.

4. CORPORATIONS—PROCESS—RETURN.
   Where officer's return did not show that individual defendant on whom personal service was had was an officer, director, trustee, or agent of defendant corporation, and no such showing is made in the case, said service did not bring corporation defendant into court, but it was good as to individual defendant.

5. JUDGMENT—DEFAULT—SUFFICIENCY OF DECLARATION.
   Declaration stating in one count that plaintiffs paid defendants $800 under agreement that they would do certain things there in alleged, and that they have not done them, to plaintiffs' damage, states a cause of action sufficient to support default judgment, although it would not be good as against general demurrer (3 Comp. Laws 1915, §§ 12482, 12480) because of defective count alleging fraud.

Mandamus by Hubert Watkins and others, copartners, doing business as the Watkins & Booth Real Auto Service, to compel Ormund F. Hunt, Wayne circuit judge, to set aside an order vacating

a default judgment.    Submitted April 23, 1929.
(Calendar No. 34,285.)    Writ granted June 3, 1929.

*Louis B. Ver Wiebe,* for petitioners.

*Ira J. Pettiford,* for respondent.

FELLOWS, J.   On April 10, 1926, the present plaintiff brought suit by summons in the Wayne circuit against Detroit Speedway Association, a Michigan corporation, and John H. Atkins.   The officer's return is as follows:

"State of Michigan,}
County of Wayne   } ss.
"I hereby certify and return that, on this 17th day of April, A. D. 1926, at Detroit in said county of Wayne, I served the within summons upon John H. Atkins for the Detroit Speedway Association, and John H. Atkins, personally, the defendants named in said summons, by then and there showing the said above named defendants the within summons, with the seal of the court impressed thereon, and delivering to him, said defendant, a true copy of said summons.

"GEO. A. WALTERS,
"Sheriff of said County.
"EUGENE W. SAGE,
"Deputy Sheriff."

May 7th defendants' default was entered and on May 28th, judgment for plaintiffs for $1,041.60 was entered.   Execution was issued and returned unsatisfied.   January 20, 1927, writ of capias was issued, and, on February 23d following, defendant John H. Atkins was released.   The following year motion to set aside the default and judgment was filed, and on November 3, 1928, this motion was granted.   This mandamus proceeding tests the validity of the last-named order.

Plaintiffs insist that in a suit in chancery upon a bill filed by John H. Atkins, the validity of the judgment and proceedings leading up to it were sustained, and that such suit is *res adjudicata.* The defendant circuit judge returns that he did not hear the case and is unfamiliar with it or the issues involved in it. A decree dismissing a bill filed by Mr. Atkins against the present plaintiffs appears in the record, but the bill does not appear in the record, and we are, therefore, left to conjecture as to its contents and purpose. Upon the record as made we may not decide the question of *res adjudicata.* Defendant's brief claims that present plaintiffs have not filed their certificate of partnership with the county clerk, hence, may not maintain this action. As there is nothing in the record to either confirm or disaffirm this claim, we will likewise pass this question by. Confining ourselves, as we should, to those questions which are raised by counsel and are presented by the record, we are limited to these questions: (1) Was there proper service of the summons? (2) Did the declaration state a cause of action, and if not, could the question be here raised?

Where there is personal service, the motion to set aside the default must be made within six months. Circuit Court Rule No. 32, § 4; *Cemetery Ass'n* v. *Wayne Circuit Judge,* 238 Mich. 119; *Hakes* v. *Kent Circuit Judge,* 213 Mich. 278, and authorities there cited at page 285. The default must be regularly filed or entered. The rule so provides, and this court has so held on numerous occasions.

(1) The return of the officer does not show that Mr. Atkins was an officer, director, trustee, or agent of the defendant corporation, nor was any such showing made in the case. The service, therefore, did not bring the corporation defendant into court.

3 Comp. Laws 1915, § 12432; *Kirby Carpenter Co.* v. *Trombley,* 101 Mich. 447; *Hoben* v. *Citizens' Tel. Co.,* 176 Mich. 596; but it is obvious that the service was good as to Atkins, the individual defendant. He was personally served and was before the court.

(2) We need not determine whether the default of, and judgment against, Atkins are a nullity because the declaration would not be good as against a general demurrer (see 3 Comp. Laws 1915, §§ 12482, 12480), as we are satisfied the declaration states, somewhat imperfectly, a cause of action. The count purporting to allege fraud is not good, but the other count alleges that plaintiffs paid defendants $800 under an agreement with them that they would do certain things therein alleged, and that they have not done the agreed things to plaintiffs' damage. We think a cause of action is stated, although somewhat imperfectly.

The writ will issue, if necessary, directing the setting aside of the order vacating the default of John H. Atkins and the judgment entered against him thereon.

NORTH, C. J., and FEAD, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.