**POLHEMUS v. AMERICAN MEDICAL ASS'N et al.**

No. 2912.

Circuit Court of Appeals, Tenth Circuit.

Oct. 19, 1944.

C. H. Richeson, of Phoenix, Ariz. (R. Cunningham, of Santa Fe, N. M., on the brief), for appellant.

Carl H. Gilbert and Harry L. Bigbee, both of Santa Fe, N. M. (Edward M. Burke and Loesch, Scofield, Loesch & Burke, all of Chicago, Ill., on the brief), for appellees.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

Appellant instituted this action against the appellees in the United States District Court for the District of New Mexico. The American Medical Association is a corporation organized under the laws of Illinois. The New Mexico Medical Society is a voluntary association composed of the members of the medical profession of New Mexico. The individual appellees all were members of either the American Medical Association or the New Mexico Medical Society or osteopaths or chiropractors, and all practiced their profession and lived within the state of New Mexico. The parties will be referred to as they appeared in the court below.

The complaint charged that the action involved a violation of the Fourteenth Amendment, Section 1 of Article 3 and Section 1 of Article 4 of the United States Constitution, and the Sherman Anti-Trust Law, 15 U.S.C.A. §§ 1–7, 15 note. It is charged that the American Medical Association, the New Mexico Medical Society, and certain of the individual defendants, sponsored legislation by illegal methods in the State Legislature of New Mexico and thereby secured the enactment of discriminatory legislation—the Basic Science Law, 1941 Comp.N.M. § 51-101 et seq.— against plaintiff; that said legislation was sponsored for the purpose of creating a monopoly in the practice of the healing arts in New Mexico. It is alleged that the legislation is discriminatory against plaintiff, a naturopathic physician, in that it does not entitle him to a Basic Science certificate on the same basis as practitioners of medicine, osteopaths and chiropractors, without an examination, under what is known as the "Grandfather Clause."

The complaint alleged that certain of the individual defendants, members of the American Medical Association and the New Mexico Medical Society, worked in close co-operation with the medical societies in sponsoring the discriminatory legislation; that individual defendants, members of the Basic Science Board, adopted discriminatory and unreasonable rules and regulations in placing the Act into operation; that plaintiff is the holder of a Basic Science certificate issued by the state of Arizona and is practicing his profession in the state of New Mexico; that the individual defendant members of the Basic Science Board caused plaintiff's arrest for practicing his profession without a Basic Science certificate, and that in serving the warrant the arresting officers searched plaintiff's premises without a search warrant.

Paragraph 10 alleged that these wilful, unlawful and malicious acts of the defendants, conspiring to deprive plaintiff of his rights to practice his profession, caused him damage in the sum of $25,000, for which he asked judgment, together with a like amount as exemplary damages.

The trial court sustained a motion by the defendant the American Medical Association, to quash service of summons as to it. It is urged that the American Medical Association is an Illinois corporation; that it is not engaged in business in the state of New Mexico, and has no officer therein upon whom service of process can be made. Plaintiff, on the other hand, urges that the American Medical Association is engaged in business in New Mexico through the New Mexico Medical Society, its agents and representatives. It is not necessary to pass upon this contention because in any event the summons was insufficient to bring the American Medical Association into court. The marshal's return stated that he served the summons "on Dr. C. A. Miller, for the American Medical Association, a corporation, at Clovis, New Mexico, by leaving with him personally a copy of said summons together with copy of complaint attached." The affidavit in support of the motion to quash specifically denied that Dr. Miller was the agent of the American Medical Association. The marshal's return does not show that he served him as the agent of such society. The service therefore did not bring the American Medical Association into court.[1]

---

[1] Watkins v. Hunt, 247 Mich. 237, 225 N.W. 554; Supreme Ruling of Fraternal Circle v. Sommers, 108 Miss. 54, 66 So. 322; Lake v. Texas News Co., D.C., 51 F.2d 862.

■ The theory upon which plaintiff seeks to invoke the jurisdiction of the court is not clear. The complaint alleged in general terms that the action involved the violation of his rights under the Fourteenth Amendment, Section 1 of Article 3 and Section 1 of Article 4 of the Constitution of the United States. These statements are mere conclusions and not statements of ultimate facts. Plaintiff's theory evidently is that the passage of the Basic Science Law and its administration by the individual defendants contravened these constitutional rights. He does not ask for a judgment declaring the Act unconstitutional and enjoining its enforcement.

■ Federal jurisdiction does not arise merely because an averment is made as to the existence of a constitutional question. A genuine and substantial federal question must be presented by the complaint,[2] and a court may decide as to the legal sufficiency of the facts alleged to support the claim.[3]

■ It is recognized without exception that the police power of a state extends to the right to regulate trades and callings concerning public health. Practitioners of the healing arts are properly subject to police regulation, the details of which are primarily with the Legislature and are not to be interfered with by the federal court so long as fundamental constitutional rights are not violated.[4] Unless "the regulations are so utterly unreasonable and extravagant in their nature and purpose that the property and personal rights of the citizens are unnecessarily, and in a manner wholly arbitrary, interfered with or destroyed without due process of law, they do not extend beyond the power of the state to pass, and they form no subject for Federal interference."[5]

■ Tested by these principles, the complaint wholly fails to establish the existence of a substantial federal question. There is a complete absence of any showing that the Basic Science Law as passed, or the manner in which it is being administered, is arbitrary or capricious. The mere fact that the Act does not afford plaintiff the benefit of the so-called "Grandfather Clause," which seems to be available to some of the other branches of the healing art, does not establish arbitrariness or unreasonableness. The matter of classification is for the state Legislature and cannot be interfered with by a federal court in the absence of a clear showing that the adopted classification is unwarranted and unreasonable. There are no facts alleged in the complaint in this cause which would support such a finding.

■ There is a further attempt to bring the action within the terms of the Sherman Anti-Trust Act.[6] Conceding, without deciding, that the practice of the healing arts may constitute commerce within the meaning of the Act, all of the allegations of the complaint show that all the transactions relate to the practice of such arts wholly within the state of New Mexico. Plaintiff's entire practice is confined to the state of New Mexico. The Basic Science Law deals with the practice of medicine in New Mexico. Under no circumstances can such a practice be considered commerce or affecting commerce within the meaning of the Act.

■ It is conceded that there is no diversity of citizenship between plaintiff and the defendants. Such being the case, and there being present no federal question, the trial court was without jurisdiction and rightfully dismissed the complaint.

Affirmed.

2 Newburyport Water Co. v. Newburyport, 193 U.S. 561, 24 S.Ct. 553, 48 L.Ed. 795; Gully v. First Natl. Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70; Ray v. Marion County, Fla., 5 Cir., 71 F.2d 509.

3 Levering & G. Co. v. Morrin, 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062.
4 Watson v. Maryland, 218 U.S. 173, 30 S.Ct. 644, 54 L.Ed. 987.
5 Gundling v. Chicago, 177 U.S. 183, 188, 20 S.Ct. 633, 635, 44 L.Ed. 725.
6 15 U.S.C.A. § 1 et seq.