**FLOYD et al. v. GAGE et al.**

No. 6312.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 11, 1951.

Decided Nov. 1, 1951.

J. A. Weinberg, Manning, S. C., for appellants.

James S. Verner, Asst. Atty. Gen. for South Carolina (T. C. Callison, Atty. Gen. for South Carolina, on brief), for appellees.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and WYCHE, District Judge.

PER CURIAM.

This is an appeal from an order dismissing a suit instituted against the five members of the South Carolina Board of Bank Control, the Chief Bank Examiner of the Board and the Secretary of State of South Carolina. The plaintiffs are persons who have subscribed to stock and have applied for a charter to operate a state bank at Manning, South Carolina, and who have

been denied a charter by the Board because they have not complied with the conditions which it has prescribed as prerequisite to the granting of a charter. These conditions, which certainly seem reasonable, and which are set forth in the order of Judge Lide in an action pending in a South Carolina state court and made a part of the record here, are as follows:

"1. That a capital of not less than $75,000 and a surplus of $15,000 be paid in, together with a reserve in the amount of $10,000. (Changed to $90,000 capital and $10,000 surplus on request of Petitioners).

"2. That membership in the Federal Deposit Insurance Corporation be obtained.

"3. That the stockholders elect a board of directors, consisting of not less than nine members, including the six proposed in the application.

"4. That no part of the paid in capital be invested in real estate.

"5. That a certificate be filed with the Board of Bank Control, signed by the entire board of directors, approving the selection of the President and other Executive Officers and Cashier.

"6. That before opening for business a copy of the adopted articles of incorporation or by-laws be filed with the Board of Bank Control.

"7. That before opening for business the proposed management submit to the Board of Bank Control an estimate of operating expenses for the first annual period.

"8. That an able and experienced banker, acceptable to the Board of Bank Control and the Federal Deposit Insurance Corporation, be secured as Cashier.

"9. That upon compliance with all conditions imposed, the Chief Examiner is authorized to certify the approval of the Board of Bank Control to the Secretary of State."

The complaint makes no reference specifically to any of these conditions but charges in general terms, without allegation of any facts, that defendants through "combination and conspiracy" among themselves and with the Federal Deposit Insurance Corporation, with intent to suppress and eliminate competition, denied to plaintiffs the charter to operate the bank at Manning for which they had applied. The relief asked is that the defendants be declared a body acting in restraint of trade, that the statute under which the Board was appointed be declared void as violative of the Constitution and anti-trust laws of the United States and that plaintiff recover damages of defendants under the anti-trust laws.

The contention that the statute under which the Board is appointed, S. C. Code of 1942 sec. 7829,[1] is violative of the Constitution and the anti-trust laws is based upon the requirement of the statute that appointments be made by the Governor upon the recommendation of the State Bankers Association and the Association of Building and Loan Associations and the cash depositories associated with the State Bankers Association. This contention, however, is so manifestly lacking in merit as not to warrant discussion. Certainly the federal court should not entertain a suit for declaring such a statute unconstitutional when it appears, as it does here, that there is presently pending in the Supreme Court of the state a suit in which the statute can be interpreted and its validity passed upon by that court. Shipman v. Du Pre, 339 U.S. 321, 70 S.Ct. 640, 94 L.Ed. 877.

So far as the demand for relief under the federal anti-trust laws is concerned, we do not think that any basis for

1. The pertinent portion of the statute is as follows: "A state board of bank control is hereby created and established, which shall be composed of five members, one of whom shall be the state treasurer as an ex-officio member, who shall be chairman. The remaining four members shall be appointed by the Governor, two of whom shall be engaged in commercial banking and recommended by the state bankers' association, one shall be engaged in building and loan association business and recommended by the said associations and one shall be in the cash depositories business and recommended by the representatives of the cash depositories affiliated with the state bankers' association."

such relief is afforded by the vague allegations of the complaint which sets forth no identifiable combination or conspiracy apart from the fact that defendants are acting together as a Board of Bank Control and no facts upon which a violation of the federal statute could be predicated. The defendants are officers of the State of South Carolina presumably discharging their official duty when acting upon matters properly coming within its scope. While their official status will not protect them from liability for violation of the federal statutes, something more is required to bring them in to answer for such violation than mere general charges of conspiracy and combination and abuse of official duty without allegation of any facts showing that unlawful combination or conspiracy in fact existed or that official duty has been transcended or abused thereby. See Polhemus v. American Medical Ass'n, 10 Cir., 145 F.2d 357.

For the reasons stated, we do not think that the complaint sets forth any cause of action of which the court should have taken jurisdiction, and the order of dismissal is accordingly affirmed.

Affirmed.