SALYER LAND COMPANY, Appellant,

v.

COUNTY OF KINGS, Appellee.

No. 16740.

United States Court of Appeals
Ninth Circuit.

Dec. 20, 1960.

* Now 10 U.S.C.A. § 858.

---

C. Ray Robinson, Duane W. Dresser, San Francisco, Cal., Thomas Keister Greer, Rocky Mount, Va., for appellant.

Charles F. Leach, Hanford, Cal., Pillsbury & Dunlap, San Francisco, Cal., for appellee.

Before BARNES and JERTBERG, Circuit Judges, and BOWEN, District Judge.

BOWEN, District Judge.

In 1957 appellant obtained a barley crop loan from the Commodity Credit Corporation (hereinafter CCC) and executed in its favor a note and loan and warehouse receipts pledge agreement. A California state law in effect in 1958 imposed for that year a personal property tax on stored barley against those who owned the barley on the tax levying date. Appellant timely filed its verified statement of property owned by it on the 1958 tax levying date, omitting therefrom 34,-865 tons of the appellant's warehoused and pledged barley.

Respecting that barley, before the tax-levying date, appellant delivered its purported loan nonpayment intent notice and its purported surrender and quitclaim of its title to the CCC which promptly repudiated that action on appellant's part, because appellant did not comply with the agreed conditions of loan maturity acceleration and of title surrender.

On the tax levying date and before the agreed loan maturity date, but subsequent to appellant's purported notice of loan nonpayment intent and purported quitclaim and title surrender, appellee Kings County levied a $27,182.61 tax under that California state law against appellant as the owner of the 34,-865 tons of barley. Appellant under protest paid the tax and pressed for refund before the proper local taxing authority which, acting for appellee, refused to refund the tax. Appellant did not, as it might under state law have done, sue for the tax recovery in the state court, although its doing so is not prerequisite to its litigating in a federal court its valid federal questions if it has any.

Instead of suing in state court, appellant brought this action in the United States District Court for the Southern District of California, Northern Division, to recover the tax, basing federal court jurisdiction and its right to its claimed state tax refund upon its contention that, by virtue of its purported loan nonpayment intent notice and its purported surrender and quitclaim of title to, and because of the provisions of the loan and pledge agreement with, the CCC, appellant did not own the barley on the tax levying date and so was not liable for the tax, and that that question must be determined by the provisions of the federal law and regulations and the loan and pledge agreement made thereunder. Appellant further contends that the action of the state taxing authority deprived appellant of due process and equal protection of the law guaranteed to it under the United States Constitution and laws.

The CCC is not a party and has not appeared in this action. It is agreed that the CCC has not at any time opposed the tax levy and does not here assert any right or claim for relief respecting any matter in suit. It does not now appear how the determination of any present issue in this case would be adverse to any interest of the CCC.

At the pretrial proceedings in the case one district judge entered a pretrial order, but with apparent misgivings as to the sufficiency of the facts then pleaded directed that a final statement of facts and briefs of counsel be prepared and filed, and allowed the case to remain in the District Court for trial. Later, in the course of making arrangements for the trial on the merits in that Court, and upon final consideration of the record as then made, another district judge for the same District Court of his own motion entered a final order dismissing this ac-

tion for lack of federal court jurisdiction.

From that dismissal, appellant prosecutes this appeal asserting jurisdiction in the District Court under the provisions of Title 28 U.S.C. § 1331. This Court has jurisdiction under Title 28 U. S.C. § 1291.

Appellant makes no claim that the state court has refused or will refuse it lawful judicial review of its contentions respecting any aspect of the tax question, nor that the state court will not afford it due process or equal protection of the law in a suit there for the tax refund, nor that the state law has not been applied alike to, or is not applicable to, or is unconstitutional as to, other farmers who on the tax levy date were taxpaying barley owners. Appellant's only substantial contention is that because of the provisions of the loan agreement made pursuant to federal law and regulations it was not on the tax levying date the owner of the questioned taxed barley and so was not taxable under the state law.

The primary, direct and dominant issues in this case must be determined by the California state tax law, including as the principal issue whether this tax is applicable to appellant taxpayer under the terms and provisions of that state law, rather than by the federal law which here concerns not the validity or applicability of the state tax as to barley owners but only the incidental question whether the appellant itself was on the tax levy date the owner of the barley taxed against appellant under the state law.

Furthermore, in its pleadings and pretrial order contentions appellant alleges no facts but only its bare conclusions as to lack of due process and inequality of the law as to it. In its briefs and at the oral argument on this appeal, appellant has not shown or contended that by any substantial basic specific facts it individually or as one of a class arbitrarily subjected to the tax has been intentionally, unfairly or unequally with others singled out in the enactment or application of the assailed state tax. No objection is made as to the state legislative enactment of the law or the procedures of levying the tax against appellant or other barley owners.

The oft repeated and main objection of appellant has been and is that on the tax levy date it was not the owner of the taxed barley. Thereby is presented the one and only ultimate question to be decided in any court, whether state or federal. That question is no more federal in nature than are the incidents of land ownership derived from the countless federal land grants referred to by this Court in the copyright mortgage foreclosure case of Republic Pictures Corp. v. Security-First Nat. Bank, 9 Cir., 1952, 197 F.2d 767. There, at page 769, this Court said:

"* * * It is not just because a right has its origin in federal law that a federal court has jurisdiction over matters which grow from that right. A large number of land titles in this country originate with a grant from the United States of America. Yet no one would now seriously claim that federal courts had authority to hear and decide litigation involving disputes among persons claiming the land because of the original grant by the United States."

In this Court's earlier case of Marshall v. Desert Properties Co., 9 Cir., 1939, 103 F.2d 551, certiorari denied 308 U.S. 563, 60 S.Ct. 74, 84 L.Ed. 473, it was held that an action of the nature of one to quiet the plaintiff's title to certain mining claims against the adverse mining claims of defendant, where both of the conflicting claims were based upon federal mining laws, was not a case involving a federal question to be adjudicated by a federal court.

In People of Puerto Rico v. Russell & Co., 288 U.S. 476, 53 S.Ct. 447, 77 L.Ed. 903, it was held that no federal question necessary to federal court jurisdiction was involved in a suit by Puerto Rico to recover assessments levied on respondent's lands pursuant to an act of the territorial legislature of Puerto Rico, merely because the authority for making

the law authorizing the assessments was granted by federal law. See also Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70; California Water Service Co. v. City of Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 82 L.Ed. 1323; Walter P. Villere Co. v. Blinn, 5 Cir., 1946, 156 F.2d 914.

We believe there is no substantial federal question involved in this case before us, and that the District Court's dismissal of it was correct.

We have considered the cases cited and relied upon by appellant, but believe they are not in point and do not control the decision of this case.

The District Court's dismissal of this case is affirmed.