Joseph **MAINELLI**, Plaintiff, Appellant,

v.

**PROVIDENCE JOURNAL COMPANY**, Defendant, Appellee.

No. 6047.

United States Court of Appeals
First Circuit.

Dec. 31, 1962.

**4**

Aram A. Arabian, Providence, R. I., with whom Joseph Mainelli, Providence, R. I., was on brief, for appellant.

Knight Edwards, Providence, R. I., with whom Edward F. Hindle and Edwards & Angell, Providence, R. I., were on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

WOODBURY, Chief Judge.

The plaintiff is a citizen of Rhode Island who was formerly United States District Attorney for the District of Rhode Island. The defendant is a Rhode Island corporation engaged in the business of publishing a daily newspaper in the City of Providence. During the plaintiff's tenure in office the defendant published an editorial in its newspaper entitled "Federal Agents Jumped the Gun in the Woo Case," in which it charged "federal agents" with "over-zealous enforcement of the immigration laws." The editorial starts with the concession that Mr. Woo was "in trouble with the U. S. Immigration Service," that he had "resorted to devious means" in an "attempt to thwart this country's Oriental exclusion policies" and to "realize his desire to live and work in this country" and that "most recently, he has been the object of lengthy legal proceedings which have stalled off deportation." Following these concessions the editorial continues:

"The point is that under existing law, Mr. Woo had every right to pursue these legal recourses. But all indications are that federal government agents were unwilling to allow his case to be heard to its conclusion.

"The record shows that Mr. Woo's attorneys filed an appeal from an adverse decision in federal court on February 27, four days before Mr. Woo was whisked out of Rhode Island aboard a plane bound for Hong Kong. It is true that his attorneys neglected to secure a stay order which would specifically prohibit Mr. Woo's removal. But a notice of the appeal was filed in the office of Joseph Mainelli, U. S. district attorney for Rhode Island.

"The district attorney now claims that the appeal unaccompanied by a stay order, was insufficient grounds for further delay of Mr. Woo's deportation. Technically, the district attorney is correct, as Judge Edward W. Day has affirmed. But it seems to us that this is a narrow view which overlooks a wider moral obligation.

"The right of appeal, is, after all, a prime guarantee of fair treatment in the courts because it protects a defendant against an unfair judgment. Once having been set in motion it should be heard through to its conclusion. If this is so, then did not the district attorney, knowing that an appeal had been entered, have an obligation to intervene in the

case of Mr. Woo to make certain that this right was honored?"

Characterizing this editorial as a "false, scandalous and defamatory libel" the plaintiff brought the present action in the court below alleging damages in excess of $10,000. He drafted his complaint in five counts. In the first count he charges the defendant with "maliciously and corruptly" endeavoring to "obstruct, impede, influence and intimidate the plaintiff in the performance of his official duties." In Count 2 he charges a conspiracy with others unknown to accomplish the same end by the same means. In Count 3 he charges the defendant with unlawfully interfering with his contractual employment relationship with the United States Department of Justice by pointing out his unfitness for office wherefor he says he might be removed. In Count 4 he charges a conspiracy similar to that charged in Count 2 to accomplish his removal from office and in Count 5 he charges common law libel.

█ In the absence of diversity of citizenship of the parties he seeks to invoke federal jurisdiction under Title 28 U.S.C. § 1331(a)[1] by alleging that his action arises under the laws of the United States, to wit, § 507 of Title 28 U.S.C. and § 1503 of Title 18 U.S.C. He says in his brief that his jurisdictional theory is that § 507 of Title 28 confers certain duties upon him as United States Attorney and that § 1503 of Title 18 protects him in the discharge of those duties. The District Court did not agree and neither do we.

The court below in response to a defendant's motion to dismiss for lack of jurisdiction and also for failure to state a claim upon which relief can be granted, dismissed the fifth count for lack of jurisdiction and, taking jurisdiction of the first four counts, primarily on the authority of Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946), dismissed them for failure to state a claim for relief. We agree that the plaintiff's complaint should be dismissed *in toto* but think the ground as to all counts should be lack of jurisdiction.

Section 1503, supra, insofar as here material, imposes criminal penalties of fine or imprisonment upon "Whoever corruptly, or by threats * * * or by any threatening * * * communication, endeavors to influence, intimidate, or impede any * * * officer in or of any court of the United States * * * in the discharge of his duty * * * [or by the same means] endeavors to influence, obstruct, or impede, the due administration of justice * * *." It is clearly a criminal statute. But even if we assume in disagreement with the District Court, which we by no means imply, that the statute indirectly and by inference gives a civil remedy to one harmed by its violation, it is clear from the complaint, which by reference includes the editorial, that the defendant has not violated the statute.

It is true that the plaintiff alleges in his complaint that the defendant acted "corruptly." But that word in a pleading, like the word "fraudulently," is but a conclusory allegation of the pleader and as such is entitled to no weight without allegations of supporting facts, which are wholly lacking here. Aside from by means of corruption, undertakings "to influence, intimidate, or impede" must be by means of "threats or * * * threatening * * * communication," and the editorial contains no threats. It cannot by any stretch be called a threatening communication. It is merely rather temperate criticism which the statute does not forbid if it constitutionally could.

█ On the face of the complaint itself it is evident that the claim of federal jurisdiction is wholly insubstantial and frivolous and could have been made only for jurisdictional purposes. In this situation under the exceptions to the general rule noted in Bell v. Hood, supra, at the bottom of page 682 and top of page

[1]. "The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."

683 of 327 U.S., at 776 of 66 S.Ct., the proper course is to dismiss for lack of jurisdiction without reaching the question whether the complaint states a claim upon which relief can be granted. There being no federal jurisdiction over the first four counts, there can, of course, be no pendent jurisdiction over the fifth count for common law libel.

Judgment will be entered affirming the judgment of the District Court dismissing count five and vacating the judgment of that Court in the first four counts of the plaintiff's complaint and remanding the case to that Court for entry of a judgment dismissing those four counts for lack of federal jurisdiction. The appellee recovers costs on appeal.