Floyd T. STANTURF, Appellant,

v.

Donald SIPES et al., Appellees.

No. 17578.

United States Court of Appeals
Eighth Circuit.

Aug. 11, 1964.

John G. Crichton, North Kansas City, Mo., made argument for appellant and filed typewritten brief with Ben W. Morse, North Kansas City, Mo.

David R. Odegard, of Houts, James, Hogsett & McCanse, Kansas City, Mo., made argument for appellee and filed printed brief with J. D. James, Kansas City, Mo.

Before VOGEL, MATTHES and RIDGE, Circuit Judges.

MATTHES, Circuit Judge.

In this non-diversity case plaintiff has appealed in forma pauperis from the order of the United States District Court dismissing his cause of action for lack of jurisdiction.

Plaintiff instituted this suit seeking recovery of $350,000 actual and punitive damages for the alleged refusal of defendants to admit plaintiff to the Wright Memorial Hospital (Hospital) either as a paying or a charity patient. Named as defendants in plaintiff's complaint are Donald Sipes, as Administrator of Hospital (an unincorporated organization located in Trenton, Missouri); a number of other persons in their individual and representative capacities; Trenton Trust Company, Inc.; and Hospital. All defendants are alleged to have some connection with the control and management of

Hospital. Plaintiff and all defendants are citizens of the State of Missouri.

Although the complaint is vague, seemingly plaintiff seeks to invoke the jurisdiction of the federal court under the Fourteenth Amendment and under § 291 et seq., Title 42 U.S.C.A. designated as the "Hospital Survey and Construction Act"—more commonly known as the Hill-Burton Act. Thus, even though plaintiff does not refer to 28 U.S.C.A. § 1331, his theory must be that his cause of action as alleged in the complaint "arises under the Constitution, laws, or treaties of the United States," and the matter in controversy—as he does allege—exceeds the sum of $10,000.

While there was no allegation in the complaint that Hospital was built with Hill-Burton funds, defendants conceded below that Hospital received $290,000 from the federal government under the Hill-Burton Act for use in construction of Hospital. Defendants filed a Motion to Dismiss, enumerating various reasons why the complaint "fails to state a claim upon which relief can be granted." However, the central issue became whether the acceptance of funds under the Hill-Burton Act by Hospital's trustee for expansion of facilities so changed the private, charitable nature of the trust and made of it a governmental agency so as to confer jurisdiction in this case upon the federal courts. The district court sustained defendants' Motion to Dismiss, holding that Hospital is a private institution, that the Fourteenth Amendment does not deal with controversies between private entities, and that therefore no federal question exists upon which jurisdiction can be based.[1] Stanturf v. Sipes, W.D.Mo., 224 F.Supp. 883 (1963).

▮ Assuming the factual allegations in the complaint to be true—as we must

1. In dismissing the complaint, the court noted that dismissal was without prejudice to any right plaintiff might have to seek recovery elsewhere in a court of competent jurisdiction.

On oral argument on appeal, counsel for plaintiff acknowledge that plaintiff

has pending in the appropriate state court a cause of action arising out of Hospital's alleged refusal to admit plaintiff.

for the purpose of determining jurisdiction, the following evidentiary setting serves as the background for this controversy. On February 27, 1962, plaintiff sought admission to Hospital as a charity patient for treatment of frozen feet and legs. Although Hospital refused him admittance on a charity basis, plaintiff still sought admission for the next four days—finally tendering the $25.00 admittance fee. Again he was refused admittance even though allegedly "others acting for and in his behalf" offered to underwrite and guarantee payment of any and all medical expenses incident to his admission. On March 4, 1962, he was admitted to another hospital where subsequently it became necessary to amputate both of his legs six inches below the knees. Plaintiff alleged that defendants "were negligent and careless in that they failed to provide proper supervision of said hospital for which they were paid and that they failed willfully and negligently to abide by the terms of the agreement made with the United States Government."

On appeal, plaintiff maintains that the crucial question is whether Hospital—by participating in the Hill-Burton program—is sufficiently imbued with "state action" to bring it "within the Fifth and Fourteenth Amendment prohibitions against discrimination and involved a federal question, thus giving the federal court jurisdiction under the Hill-Burton Act * * *, 42 U.S.C.A. § 291e(f) * * *." In so contending, plaintiff relies almost exclusively upon Simkins v. Moses H. Cone Memorial Hospital, 4 Cir., 323 F.2d 959 (1963), cert. denied, 376 U. S. 938, 84 S.Ct. 793, 11 L.Ed.2d 659 (1964), a 3–2 en banc decision reversing a district court holding which was referred to extensively by Judge Duncan in support of his dismissal of the case before us. In Simkins, the Fourth Circuit held that the hospitals in that case were sufficiently imbued with "state action" to bring them within the Fifth and Fourteenth Amendment prohibitions against racial discrimination because of their participation in the Hill-Burton program.

Defendants here do not agree with the holding in Simkins, asserting upon the authority of Wood v. Hogan, W.D.Va., 215 F.Supp. 53 (1963), Khoury v. Community Memorial Hospital, Inc., 203 Va. 236, 123 S.E.2d 533 (1962), and other cases, that Simkins is a complete break with precedent. Cf. also, Eaton v. Board of Managers of James Walker Mem. Hosp., 4 Cir., 261 F.2d 521 (1958), cert. denied, 359 U.S. 984, 79 S.Ct. 941, 3 L.Ed. 2d 934 (1959); Eaton v. Grubbs, E.D. N.C., 216 F.Supp. 465 (1963).

Regardless of the merits of the Simkins decision, in our view, it is not dispositive of the issue before us. It is not without distinction that Simkins involved an action by Negro physicians, dentists, and patients suing on behalf of themselves and other Negro citizens for declaratory and injunctive relief against defendant hospitals and their administrators and directors based upon discrimination because of race. Additionally, the very constitutionality of the "separate-but-equal" portions of 42 U.S.C.A. § 291e(f), and a regulation promulgated pursuant thereto, 42 C.F.R. § 53.112, 21 Fed.Reg. 9841 (December 12, 1956), was drawn into question. On that basis, the United States (Department of Justice) was allowed to intervene, and joined the plaintiffs in their successful attack on the constitutionality of the Congressional Act and associated regulation. Here, we are confronted with an action for damages; no attack is made upon the constitutionality of any portion of the Hill-Burton Act; and plaintiff—a white man—asserts no claim based upon discrimination due to race. In our view, the factual circumstances of the two cases are sufficiently different, the allegations in the complaint significantly distinguishable so as to require us to discount the persuasiveness and applicability of Simkins here. However, for purposes of this opinion only, we shall assume—without deciding—that Simkins is decisive on the question whether Hospital's participation in the Hill-Burton program sufficiently imbued it with "state action" to bring it

within the Fourteenth Amendment prohibition against discrimination.

Thus, assuming arguendo that the district court below incorrectly concluded that Hospital was a private institution outside the controls of the Fourteenth Amendment, we must still determine whether the court's ultimate conclusion that no federal question exists is a valid one, and therefore whether we should affirm the order dismissing the cause of action.

■ It is, of course, fundamental that federal courts are vested with original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000 and arises under the Constitution, laws, or treaties of the United States. 28 U.S.C.A. § 1331. In Gully v. First National Bank, 299 U.S. 109, 112–113, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936), the Supreme Court, speaking through Mr. Justice Cardozo, stated:

"How and when a case arises 'under the Constitution or laws of the United States' has been much considered in the books. Some tests are well established. To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. (Citing cases). The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. (Citing cases). A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto (Citing cases), and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal. (Citing cases). Indeed, the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense. (Citing cases)."

And later, in Bell v. Hood, 327 U.S. 678, 681–683, 66 S.Ct. 773, 775, 776, 90 L.Ed. 939 (1946), the Supreme Court announced:

"Before deciding that there is no jurisdiction, the district court must look to the way the complaint is drawn to see if it is drawn so as to claim a right to recover under the Constitution and laws of the United States. * * * Though the mere failure to set out the federal or Constitutional claims as specifically as petitioners have done would not always be conclusive against the party bringing the suit, where the complaint, as here, is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions later noted, must entertain the suit. * * * The reason for this is that the court must assume jurisdiction to decide whether the allegations state a cause of action on which the court can grant relief as well as to determine issues of fact arising in the controversy.

* * * * * *

" * * * If the court does later * * * determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction. * * * The previously carved out exceptions are that a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."

The Bell decision has been cited by courts which have directed dismissal of complaints as frivolous or asserting no federal cause of action—e. g., Congress Of Racial Equality v. Clemmons, 5 Cir., 323 F.2d 54 (1963), cert. denied, 375 U. S. 992, 84 S.Ct. 632, 11 L.Ed.2d 478 (1964); Mainelli v. Providence Journal

Company, 1 Cir., 312 F.2d 3 (1962); and Gully has often been cited by courts which have determined under a variety of conditions that federal jurisdiction did not exist—e. g., Skelly Oil Co. v. Phillips Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); Rosecrans v. William S. Lozier, Inc., 8 Cir., 142 F.2d 118 (1944); Gardner v. Schaffer, 8 Cir., 120 F.2d 840 (1941); Prairie Band of Pottawatomie Tribe of Indians v. Puckkee, 10 Cir., 321 F.2d 767 (1963); and Polhemus v. American Medical Ass'n, 10 Cir., 145 F.2d 357 (1944). Of course, on the other hand, both Bell and Gully have been cited in support of decisions sustaining federal jurisdiction and determining that sufficient federal causes of action were asserted—e. g., Brotherhood of Loc. Eng. v. Chicago & North Western Ry. Co., 8 Cir., 314 F.2d 424 (1963), cert. denied, 375 U.S. 819, 84 S.Ct. 55, 11 L.Ed.2d 53 (1963); Brewer v. Hoxie School District No. 46, 8 Cir., 238 F.2d 91 (1956); and Lee v. Hodges, 4 Cir., 321 F.2d 480 (1963).

■■■ In determining the issue before us, it is important to bear in mind the distinction set forth in Bell between the question of federal jurisdiction and the question of the sufficiency of the complaint to show a cause of action arising under the Constitution and laws of the United States. Certainly under the proper circumstances a court is warranted in assuming jurisdiction under either 28 U.S.C.A. § 1331 or § 1343 of a claim alleging violation of Fourteenth Amendment rights, and yet in dismissing it for failure to state a claim upon which relief can be granted. Congress Of Racial Equality v. Clemmons, supra, 323 F.2d 54; Fisher v. City of New York, 2 Cir., 312 F.2d 890 (1963), cert. denied, 374 U.S. 828, 83 S.Ct. 1866, 10 L.Ed.2d 1051 (1963); Shaffer v. Jordan, 9 Cir., 213 F. 2d 393 (1954); Ruark v. Schooley, D. Colo., 211 F.Supp. 921 (1962). But—as exemplified by various cases previously cited in conjunction with the Gully and Bell decisions, federal jurisdiction of a claim cannot be sustained under 28 U.S. C.A. § 1331, on the bare allegation that it "* * * arises under the Constitution, laws, or treaties of the United States." And jurisdiction—as determined from the allegations of the complaint—is wanting where the claim pleaded is plainly insubstantial. E. g., Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062 (1933); Huckins v. Duval County, Florida, 5 Cir., 286 F.2d 46 (1960), cert. denied, 366 U. S. 945, 81 S.Ct. 1673, 6 L.Ed.2d 856 (1961); Salyer Land Company v. County of Kings, 9 Cir., 285 F.2d 481 (1960), cert. denied, 366 U.S. 917, 81 S.Ct. 1094, 6 L.Ed.2d 241 (1961); Mosher v. City of Boulder, Colorado, D.Colo., 225 F. Supp. 32 (1964). In Mainelli v. Providence Journal Company, supra, 312 F.2d at 5–6, the First Circuit, in remanding for dismissal, stated:

"On the face of the complaint itself it is evident that the claim of federal jurisdiction is wholly insubstantial and frivolous and could have been made only for jurisdictional purposes. In this situation under the exceptions to the general rule noted in Bell v. Hood, supra, at the bottom of page 682 and top of page 683 of 327 U.S., at 776 of 66 S.Ct., the proper course is to dismiss for lack of jurisdiction without reaching the question whether the complaint states a claim upon which relief can be granted."

■■ Furthermore, the claim or fact upon which the constitutional issue is raised must be "well-pleaded," for obviously not every case involving, for example, fraud and duress involves a constitutional question of due process, Beistline v. City of San Diego, 9 Cir., 256 F.2d 421, 425 (1958), cert. denied, 358 U.S. 865, 79 S.Ct. 96, 3 L.Ed.2d 98 (1958); due process questions do not arise merely because someone has been treated at variance with state law, and no denial of equal protection is demonstrated unless there is shown intentional or purposeful discrimination between persons or classes, Draper v. Rhay, 9 Cir., 315 F.2d 193, 198 (1963), cert. denied, 375 U.S. 915, 84 S.Ct. 214, 11 L.Ed.2d

153 (1963). As stated in Oyler v. Boles, 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446 (1962), where the Supreme Court upheld denial of petitions for habeas corpus alleging as unconstitutional the selective enforcement of a state habitual criminal statute:

" * * * the allegations set out no more than a failure to prosecute others because of a lack of knowledge of their prior offenses. This does not deny equal protection due petitioners under the Fourteenth Amendment.

* * * * * *

"Moreover, the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation. Even though the statistics in this case might imply a policy of selective enforcement, it was not stated that the selection was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification. Therefore grounds supporting a finding of a denial of equal protection were not alleged."

And a mere assertion of a deprivation of a federal constitutional right is not sufficient to sustain federal jurisdiction; conclusory statements unsupported by adequate factual allegations in the complaint will not suffice. See, for example, Prairie Band of Pottawatomie Tribe of Indians v. Puckkee, supra, 321 F.2d at 770; Polhemus v. American Medical Ass'n, supra, 145 F.2d at 359; Swank v. Patterson, 9 Cir., 139 F.2d 145, 146 (1943); and Swift v. Fourth National Bank of Columbus, Georgia, M.D.Ga., 205 F.Supp. 563, 565 (1962). Compare also, United States ex rel. Hoge v. Bolsinger, 3 Cir., 311 F.2d 215, 216 (1962), cert. denied, 372 U.S. 931, 83 S.Ct. 878, 9 L. Ed.2d 735 (1963) (conclusory statements insufficient to state claim for relief).

■■ In essence, then, we must examine plaintiff's complaint guided by the above pronouncements, fully cognizant that facts in support of federal jurisdiction must be alleged to support the conclusion of the complaint; that not every question of federal law lurking in the background necessarily places the suit in the class of one arising under the Constitution or laws of the United States, within the meaning of 28 U.S.C.A. § 1331; that the mere assertion of a constitutional right does not confer federal jurisdiction; and that a federal question must exist "not in mere form but in substance, and not in mere assertion, but in essence and effect." Cuyahoga River Power Co. v. Northern Ohio Traction & Light Co., 252 U.S. 388, 397, 40 S.Ct. 404, 408, 64 L.Ed. 626 (1920).

■ Plaintiff's complaint, closely scrutinized but liberally construed, fails to satisfy jurisdictional requirements. At best it alleges an "equal protection" violation because plaintiff was denied entrance to Hospital—an institution involved in the Hill-Burton program, and that such denial violates the Hill-Burton Act's mandate that "the State plan * * * shall provide for adequate hospital facilities for persons unable to pay therefor." 42 U.S.C.A. § 291e(f).[2] The complaint does allege that bed space was available in Hospital at the time plaintiff sought admission; it does state that defendants "denied the plaintiff his rights as provided by the 14th Amendment of the Constitution of the United States and the heretofore described Hill-Burton Act;" and it does state that such Act makes it mandatory upon Hospital to accept "all persons residing in the territorial area of the applicant without discrimination." However, plaintiff alleged no facts showing that he was subjected by any defendant to unreasonable, arbitrary, or invidious discrimination. Nor did he allege any facts showing that he was treated differently from others under similar circumstances and conditions. And we have failed to find any

2. On oral argument on appeal, counsel for plaintiff stated that it was plaintiff's contention that Hospital was obligated to accept *all* individuals within the service area, and that defendants violated the Constitution in failing to promulgate rules of admission consistent with the Hill-Burton Act.

circumstances pleaded in the complaint which amounted to discrimination, much less discrimination of the nature prohibited by the Fourteenth Amendment requiring equal protection of the laws.[3]

In summary, the jurisdictional allegations are mere conclusionary statements without factual support, and are wholly inadequate to demonstrate that plaintiff's alleged cause of action arose under the Constitution or laws of the United States. Consequently, we must agree with the trial court's decision that "no federal question exists or could be raised which would enable this court to hear the case at hand." 224 F.Supp. at 894.

Affirmed.

3. Plaintiff made no attempt to predicate jurisdiction upon the Civil Rights Act, 42 U.C.S.A. § 1981 et seq., and 28 U.S.

C.A. § 1343. Manifestly the complaint fails to satisfy jurisdictional requirements under this Act also.