**Robert J. MORRISON, Plaintiff,**

**v.**

**UNITED OPTICAL WORKERS UNION, LOCAL NO. 408–IUE, AFL–CIO, and agents thereof, Sebastian Rebaldo, Ellen Wotring, Alice Noss, and Unnamed Demonstrators, Defendants.**

**Civ. No. 81–0725.**

United States District Court, M. D. Pennsylvania.

Aug. 5, 1981.

Gerald K. Morrison, David B. Dowling, Rhoads, Sinon & Hendershot, Harrisburg, Pa., for plaintiff.

Jerome Tauber, Sipser, Weinstock, Harper, Dorn & Leibowitz, New York City, for defendants.

## MEMORANDUM

RAMBO, District Judge.

On June 2, 1981, Robert J. Morrison, an optometrist, commenced an action in the Court of Common Pleas of Dauphin County. He charged the defendant union and certain named members with "illegal, defamatory, false, misleading, and tortious picketing" aimed primarily at him which is injurious to his character. The complaint seeks an injunction against the picketing. Plaintiff requested an injunction from the state court judge. Defendants were ordered to show cause at a hearing to be held on June 11, 1981 why the preliminary injunction should not issue. On June 9, 1981 defendants filed a petition to remove the action to this court, citing as statutory authority 28 U.S.C. § 1441. Plaintiff responded with a motion to remand the case to the state court. The latter motion is ripe for consideration.

A federal district court has the power to remand a case to the state court from which it came if the suit was improperly removed. 28 U.S.C. § 1447(c). Plaintiff claims that removal was improper in this instance because this court lacks jurisdiction over the subject matter of the lawsuit. It is his position that the case is a tort action based on state law and, because there is no diversity of citizenship between the parties, that it may not be maintained in federal court.

Defendants counter that the action is removable under 28 U.S.C. § 1441(b) which provides in part:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

They claim that original jurisdiction exists in the district court by virtue of 28 U.S.C. § 1337. That statute grants the district courts jurisdiction over "any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." Defendants contend that the complaint states a claim arising under Sections 8(b)(4) and/or 303 of the Labor Management Relations Act, 29 U.S.C. §§ 158(b)(4) and 187.

■ The court must look at the complaint to determine whether a federal claim has been asserted regardless of plaintiff's intent to seek relief under state law. *Day-Brite Lighting Division, Emerson Electric Co. v. I.B.E.W.*, 303 F.Supp. 1086 (N.D.Miss. 1969). The following facts appear in the complaint. Robert J. Morrison is a licensed optometrist who owns Morrison Associates, an optometric practice, located at Green and Division Streets in Harrisburg, Pennsylvania. Morrison Laboratories, a company manufacturing contact lenses, is in the same building as Morrison Associates. The defendants are members of the United Optical Workers Union, Local No. 408–IUE, AFL–CIO. They have been picketing and demonstrating at the Morrison Associates/Morrison Laboratories site for approximately three years. Though the union's labor difficulties are with Morrison Laboratories, plaintiff claims that the union is picketing and demonstrating against him. He states that he does not own or have a controlling interest in Morrison Laboratories. The defendants' picketing and demonstrating, he charges:

[A]re designed to deliberately mislead and confuse the public and to cause the public to believe that Plaintiff is unfair to workers generally and specifically unfair to employees of Morrison Laboratories, and that Plaintiff could grant concessions to defendants which would affect or terminate the picketing at Plaintiff's address.

The complaint specifically states that the defendants' dispute does not involve his employees or the employees of Morrison Associates.

Defendants argue, in their brief in opposition to remand, that what the complaint is

saying is that they have engaged in an unfair labor practice, in this instance a secondary boycott made illegal by the terms of Section 8(b)(4) of the National Labor Relations Act, 29 U.S.C. § 158(b)(4). Section 303 of the LMRA, 28 U.S.C. § 187, permits a party injured by an unfair labor practice (as defined in Section 8(b)(4)) to sue for damages in federal district court, and thus creates a federal cause of action within the original jurisdiction of the district court. The critical sub-section of section 303 states:

§ 187(a). It shall be unlawful, for the purpose of this section only, *in an industry or activity affecting commerce,* for any labor organization to engage in any activity or conduct defined as an unfair labor practice in section 8(b)(4) of the National Labor Relations Act, as amended. (Emphasis added.)

Courts have construed the statutory language underlined above to require that the *plaintiff* in an action under this section of the LMRA must be in an industry or activity affecting commerce between the states. *Lescher Building Service, Inc. v. Sheet Metal Workers International Association,* 310 F.2d 331 (7th Cir. 1962); *Cone Brothers Contracting Company v. Bricklayers, Masons, Plasterers, etc.,* 263 F.2d 297 (5th Cir.) *cert. denied* 360 U.S. 904, 79 S.Ct. 1286, 3 L.Ed.2d 1255 (1959); *Groneman v. International Brotherhood of Electrical Workers,* 177 F.2d 995 (10th Cir. 1949). Thus in order to state a claim arising under a federal law affecting interstate commerce Robert J. Morrison would have to be in an industry or activity affecting commerce between the states.

Plaintiff cites two cases for the proposition that the practice of medicine does not constitute commerce. *U. S. v. Oregon State Medical Society,* 343 U.S. 326, 72 S.Ct. 690, 96 L.Ed. 978 (1952); *Polhemus v. American Medical Association, et al.,* 145 F.2d 357 (10th Cir. 1944). Those cases preceded *Goldfarb v. Virginia State Bar,* 421 U.S. 773, 95 S.Ct. 2004, 44 L.Ed.2d 572 (1975), in which the Court held that the sale of services by attorneys was commerce. The

Court went on to find that the particular service at issue, title searching, affected *interstate* commerce because it was inextricably linked with the provision of mortgage funds which traveled interstate.

*Goldfarb* indicates that the sale of professional services may be considered commerce, but the court must decide whether the commerce partakes of an interstate or intrastate character. The effect on interstate commercial activity of a *single* optometrist is distinguishable from the effect of the searching fee schedules which the Court was considering in *Goldfarb.* The Court there was dealing with a minimum fee schedule which affected an entire county bar association. It found title searching to be an inseparable element of the larger business of mortgage lending which involved the interstate transfer of substantial funds. The particular activity of title searching thereby affected interstate commerce. It does not follow from *Goldfarb* that any professional service affects interstate commerce.

Defendants, who have the burden of establishing federal jurisdiction, have not claimed that Robert J. Morrison's practice is of an interstate character. They erroneously state that an effect on interstate commerce is not a necessary element of a claim arising under LMRA. This court believes that the services of a single optometrist practicing in a location such as Harrisburg which is more than thirty-five miles from the closest state border is intrastate in character.

Neither the complaint nor the petition for removal make any claim that Robert Morrison is a "person engaged in [interstate] commerce or in an industry affecting [interstate] commerce." A relationship with interstate commerce is an integral part of an unfair labor practice claim based upon a secondary boycott. 29 U.S.C. § 158(b)(4)(ii). The court finds this essential element of the cause of action missing. The complaint at issue does not state a cause of action arising under federal law. The case will be remanded to the Court of Common Pleas of Dauphin County.