James Rudolph PRESTON (Amek Bin Rilla), Plaintiff-Appellant,

v.

Edwin T. PURTELL, Defendant-Appellee.

No. 16897.

United States Court of Appeals Seventh Circuit.

March 11, 1969.

James R. Preston, in pro. per.

Gerald G. Pagel, Asst. Corp. Counsel, Robert P. Russell, Corp. Counsel, Milwaukee County, Milwaukee, Wis., for defendant-appellee.

Before HASTINGS, Senior Circuit Judge, and KILEY and KERNER, Circuit Judges.

HASTINGS, Senior Circuit Judge.

On January 17, 1968, James Rudolph Preston (Amek Bin Rilla) brought this civil action for damages in the federal district court against Edwin T. Purtell, Sheriff of Milwaukee, Wisconsin. He sought recovery of $50,000 on the ground that defendant returned certain pleadings to him unserved.

Defendant moved to dismiss the complaint alleging that the district court lacked jurisdiction over the subject matter and that the complaint failed to state a claim upon which relief could be granted. The trial court sustained the motion on the jurisdictional ground and ordered the complaint dismissed without costs. Plaintiff appealed. We affirm.

Preston has proceeded *pro se* throughout this action. He is presently incarcerated as a state prisoner in the Wisconsin State Prison at Waupun, Wisconsin. Accordingly, we ordered this appeal submitted on the record and briefs, without oral argument.

Our review of the record and briefs reveals the case to be in this posture. On January 9, 1968, defendant returned unserved to plaintiff copies of a petition and summons filed in the Milwaukee Circuit Court. Such papers were in an action entitled "James E. Groppi, James Rudolph Preston (Amek Bin Rilla), co-plaintiffs v. Milwaukee Citizens Civic Voice, Milwaukee Common Council, Milwaukee, Wisconsin, Defendants."

These papers were returned by letter stating they were unserved for the reasons, *inter alia*, that "The original document did not accompany the copies" as apparently required by statute,[1] and "The fee of $4.20 for service has not been received" as statutorily permitted.[2]

Further, there is no showing plaintiff made any attempt to file such pleadings in forma pauperis in the Wisconsin court nor did he make any claim he was impoverished. Section 271.29(1), Wisconsin Statutes, amended by Chapter 285, Laws of 1967, effective January 18, 1968 (one day after plaintiff commenced the instant action), clearly permits an indigent to commence a civil action without prepayment of service fees.[3]

---

1. Section 262.14 of the Wisconsin Statutes, Wis.Stat.Anno. § 262.14 (Supp. 1968), provides in relevant part:

   "*Summons, who may serve; indorsement; return of original summons* * * *.*

   (3) *Return of Original Summons.* The sheriff or person making the service shall, with reasonable diligence, return the *original* summons, with proof of service, to the person whose name is subscribed thereto." (Emphasis supplied.)

2. Section 59.28 of the Wisconsin Statutes, Wis.Stat.Anno. § 59.28 (Supp.1968), reads in material part:

   "*Sheriff; fees.* Every sheriff shall be entitled to receive the following fees *in advance for his services* * * *:*

   (1) For serving a summons or any other process by which action shall be commenced * * *." (Emphasis supplied.)

Instead of attempting to proceed further in the state court action, plaintiff filed this action in the federal district court. On January 17, 1968, eight days after defendant returned the pleadings, plaintiff paid the $15.00 filing fee to commence this action in the district court and paid the federal marshal's fee for service of summons herein.

As best we can decipher and unravel plaintiff's complaint, he alleges that his first, fifth, ninth and fourteenth amendment rights under the Federal Constitution were infringed by defendant's failure to serve the pleadings in question. As a consequence, he appears to contend that the district court has jurisdiction under Title 28, U.S.C.A. §§ 1652, 1654, 1443, 1446, 1331 and 1339. Of these sections only § 1331[4] is relevant to the jurisdictional issue.

■ It is well settled that the jurisdiction of the federal courts is limited; no presumption of federal jurisdiction exists. Koll v. Wayzata State Bank, 8 Cir., 397 F.2d 124, 127 (1968); Wallach v. City of Pagedale, 8 Cir., 376 F.2d 671, 675 (1967); 1 Moore, Federal Practice ¶ 0.60 [1] (2d ed. 1964).

■ A complaint must affirmatively aver such facts as will support the existence of federal jurisdiction. Schaedler v. Reading Eagle Publication, Inc., 3 Cir., 370 F.2d 795, 799 (1967); Ivey v. Frost, 8 Cir., 346 F.2d 115 (1965).

Federal jurisdiction cannot be sustained under § 1331 on "a mere assertion of a deprivation of a federal constitutional right * * *; conclusory statements unsupported by adequate factual allegations in the complaint will not

suffice [to confer federal jurisdiction]." Stanturf v. Sipes, 8 Cir., 335 F.2d 224, 229 (1964), cert. denied, 379 U.S. 977, 85 S.Ct. 676, 13 L.Ed.2d 567 (1965).

■■ An alleged claim under § 1331 will be dismissed for want of federal jurisdiction where the claim is wholly insubstantial and frivolous and obviously made for the purpose of securing federal jurisdiction. Bell v. Hood, 327 U.S. 678, 682–683, 66 S.Ct. 773, 90 L.Ed. 939 (1946); Stanturf v. Sipes, supra. A "genuine and present controversy" must exist before federal jurisdiction can attach under § 1331. Gully v. First Nat. Bank, 299 U.S. 109, 113, 57 S.Ct. 96, 81 L.Ed. 70 (1936); Ream v. Handley, 7 Cir., 359 F.2d 728, 730 (1966); Stanturf v. Sipes, supra.

It is obvious that plaintiff's complaint completely fails to meet even the rudimentary requirements to make a case of federal jurisdiction.

■ Recognizing plaintiff is not well versed in the law and is proceeding pro se, and conceding $4.20 is not the measure of his constitutional rights, we are convinced nevertheless that his attempted claims are insubstantial and without merit. Under the rationale of the Supreme Court in Bell v. Hood, 327 U.S. supra at 682–683, 66 S.Ct. 773, 90 L.Ed. 939, and treating this as a question of law, we conclude the instant complaint was properly subject to an order of dismissal.

■ Assuming, arguendo, that plaintiff is in reality attempting to proceed under the Civil Rights Act, 42 U.S.C.A. § 1983, his complaint falls. There being

---

3. "271.29 Security for costs, suit tax, service and clerk's fees for indigents (1) Any person may commence, prosecute or defend any action or proceeding in any court, or any writ of error or appeal therein, without being required to give security for cost or to pay any service or clerk's fee or suit tax, upon filing in said court, and receiving approval of the affidavit by the court, his affidavit that because of his poverty he is unable to pay the costs of said action or proceeding * * *."

4. Section 1331 provides in applicable part: "(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States." (Emphasis added.)

a failure to show any denial of his federal rights under the Federal Constitution or laws of the United States, the requisite foundation of an action under such statute is not present.

We conclude, therefore, the district court properly dismissed the complaint for want of jurisdiction, and the judgment order appealed from is affirmed.

Affirmed.