456 F.2d 1352
 COMMERCIAL SECURITY BANK, Plaintiff,
v.
WALKER BANK & TRUST CO., Administrator of the Estate of
Frank V. Colombo, Deceased, et al., Defendants-Appellees,
v.
Special Appearance: UNITED STATES of America, Appellant.
 No. 71-1447.
 United States Court of Appeals,
Tenth Circuit.
 March 9, 1972.
 
 Robert E. Kopp, Department of Justice, Washington, D. C. (Walter H. Fleischer, Department of Justice, Washington, D. C., L. Patrick Gray, III, Asst. Atty. Gen., C. Nelson Day, U. S. Atty., on the brief), for appellant.
 Edward J. McDonough, Salt Lake City, Utah (Donald B. Holbrook, Salt Lake City, Utah, on the brief), for defendants-appellees.
 Before BREITENSTEIN, HILL and McWILLIAMS, Circuit Judges.
 HILL, Circuit Judge.
 
 
 1
 This is an appeal from the failure of the United States District Court for the District of Utah to vacate a restraining order entered against the conduct of a sheriff's sale ordered by a Utah state court.
 
 
 2
 The United States had secured a judgment in a Utah state court on February 11, 1971, against the Colombine Coal Company. The suit was a foreclosure action based on Colombine's default on certain loans made to it by the Small Business Administration and the Area Redevelopment Administration. The Utah state court decreed foreclosure and a sheriff's sale against the property of Colombine securing the loan. Later an interpleader action was brought in the United States District Court for the District of Utah by the Commercial Security Bank against the Walker Bank and Trust Company to determine ownership of certain shares of stock in the Colombine Coal Company. The United States was not named as a party therein and was not served with process. Upon determining ownership of the stock, the trial court on April 15, 1971, entered an ex parte order restraining the United States "for a reasonable period of time" from conducting the sheriff's sale pursuant to the Utah state court order. The United States appeared specially and moved to dissolve the order restraining the sheriff's sale. On May 20, 1971, the trial court declined to rule on the government's motion to dissolve the restraining order, and ordered instead "that the situation will remain in the status quo for a reasonable time." It is from this action of the trial court that the United States appeals. The narrow issue presented on appeal is whether the trial court had jurisdiction to enter the restraining order against the United States, which had never been served with process and was not before the court in the case.
 
 
 3
 We must deal with one preliminary matter before reaching the issue herein presented. Appellees argue that the United States, not having intervened, joined or otherwise submitted itself to the jurisdiction of the trial court, cannot appeal that court's ruling.[1] Appellees rely on the Dollar v. Land[2] series of decisions. This series involved suit by private parties against the Maritime Commission to regain certain stocks. The Maritime Commission pled that the stocks had been transferred to the United States. Inclusion of the United States as a party to the litigation thus was dependent upon a decision on the merits of the case, that is, who owned the stock. After remand, the trial court determined that the United States did not own the stock, and was therefore not included as a party to the lawsuit. As a nonparty, the United States could not take an appeal. The Dollar v. Land series of decisions is thus distinguishable.
 
 
 4
 To hold that the United States cannot appeal the action of the court below is rebutted by application of the classic reductio ad absurdum method. To enjoin an act, the court must have jurisdiction of the person so enjoined. The United States appeared specially in the court below to argue that there was no jurisdiction to support the restraining order. Assuming arguendo that the court below had no such jurisdiction, is the United States to be denied an opportunity to appeal and be bound to honor the restraining order? This would in effect vest the court below with jurisdiction, by estoppel of the United States' appeal, where none previously existed. Such a result is patently absurd. We find the United States Supreme Court decision in Zenith Radio Corp. v. Hazeltine Research, 395 U.S. 100, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969), aff'g in part 388 F.2d 25 (2d Cir. 1967), analogous to the instant case. Therein an enjoined nonparty successfully appealed that portion of the lower court's decision concerning that nonparty. Zenith is controlling. The United States may properly appeal specially in the instant case to contest jurisdiction.
 
 
 5
 The trial court's action in restraining the sheriff's sale is furthermore appealable under 28 U.S.C. Sec. 1292(a) (1).[3] The ex parte order of April 15, 1971, restraining the United States "for a reasonable period of time" from conducting the sheriff's sale, in essence constitutes an injunction, rather than a temporary restraining order, since it was not within the ten-day limit on temporary restraining orders pursuant to F.R.Civ.P. 65(b). The May 20, 1971, action constituted a refusal to dissolve or modify that injunction. Section 1292(a) (1) is applicable here; the United States correctly appeals.
 
 
 6
 We now reach the central issue involved in this appeal, that is, whether the trial court had jurisdiction to enter the order against the United States, when that party had not been served with process and was not in any manner before the court. It is axiomatic that before a court may enter a valid decree adjudicating the rights of an individual, that individual must in some fashion submit himself to the jurisdiction of the court or be subjected to the jurisdiction of the court by service of process. If the proceeding is in rem, some appropriate form of notice must be given any individual whose interest in the res is to be adjudicated. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1878). It is undisputed that there was no service of process made on the United States and that the United States did not submit to the jurisdiction of the court. Nor was the proceeding below in rem, so as to vest the court with jurisdiction to preserve the res pendente lite.
 
 
 7
 The court below bases jurisdiction to issue the order on 28 U.S.C. Sec. 1651(a).[4] The jurisdiction of the federal courts is limited. No presumption of federal jurisdiction exists;[5] federal courts can take cognizance of only those matters which Congress has entrusted to them by statute.[6] Section 1651(a) does not operate to confer jurisdiction;[7] ancillary jurisdiction is provided where jurisdiction is otherwise already lodged in the court.[8] No new grant of judicial power is contemplated by the statute;[9] Sec. 1651(a) is rather only an incident of jurisdiction.[10] An order may issue pursuant to this statute to preserve jurisdiction already lawfully acquired, but a court may not, by said order, acquire jurisdiction over an individual or property not otherwise subject to its jurisdiction. The issuance of the order by the trial court here was in no way necessary to preserve its jurisdiction. The interpleader action concerned a dispute between two groups of private parties as to the ownership of certain stock in the Colombine Coal Company. The interpleader action was not an in rem proceeding against the assets of Colombine, nor was the United States served with process in the interpleader action. There was no jurisdiction upon which to issue an order restraining the United States in connection with the interpleader action.
 
 
 8
 We are cognizant of the failure of the court below to comply with the requirements of F.R.Civ.P. 65 in issuing the order in question. Federal courts have held the requirements of F.R.Civ.P. 65 mandatory in cases concerning the rule.[11] Issuance of the order was not in compliance with F.R.Civ.P. 65(b) and (d), nor was security posted as required by F.R.Civ.P. 65(c). We can only reiterate that Rule 65 must be strictly complied with. Great care must be used in the granting of interlocutory or final injunctive relief because of the extraordinary nature of that remedy.
 
 
 9
 Appellant advances three additional arguments in attacking the action of the court below. The United States asserts that the trial court's action violates 28 U.S.C. Sec. 2283,[12] that the trial court abused its discretion in restraining the United States from conducting the sheriff's sale, and that the order constitutes an unconsented suit against the United States. We need not pass on these arguments. Having found that the trial court lacked jurisdiction to issue the order, no further discussion of additional points is necessary.
 
 
 10
 The action of the trial court is hereby reversed, and the restraining order is vacated.
 
 
 11
 Reversed.
 
 
 
 [1]
 "Ordinarily, only a person who was a party in the court below and who is aggrieved by the judgment or order can appeal therefrom. One who has become a party by intervention, substitution, or third-party practice is entitled, if aggrieved, to appeal." 9 Moore's Federal Practice Sec. 203.06, at 715-16 (2d ed. 1971)
 
 
 [2]
 The series of decisions resulting from the Dollar v. Land litigation commences at 81 U.S.App.D.C. 28, 154 F.2d 307 (1946)
 
 
 [3]
 28 U.S.C. Sec. 1292 Interlocutory decisions (a) The courts of appeals shall have jurisdiction of appeals from: (1) Interlocutory orders of the district courts of the United States, the United States District Court of the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court;
 
 
 [4]
 28 U.S.C. Sec. 1651 Writs (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law
 
 
 [5]
 Preston v. Purtell, 410 F.2d 234 (7th Cir. 1969)
 
 
 [6]
 Martinez v. S. Ute Tribe of S. Ute Reservation, 249 F.2d 915 (10th Cir. 1957)
 
 
 [7]
 KWTX Broadcasting Co. v. Commissioner of Internal Revenue, 272 F.2d 406 (5th Cir. 1959)
 
 
 [8]
 United States ex rel. Wisconsin v. First Fed. Sav. & Loan Ass'n, 248 F.2d 804 (7th Cir. 1957)
 
 
 [9]
 Id
 
 
 [10]
 United States v. Spadafora, 207 F.2d 291 (7th Cir. 1953)
 
 
 [11]
 Mayflower Indus. v. Thor Corp., 182 F.2d 800 (3d Cir. 1950); Salvage Process Corp. v. Acme Tank Cleaning Process Corp., 104 F.2d 105 (2d Cir. 1939), cert. denied 308 U.S. 599, 60 S.Ct. 131, 84 L.Ed. 501; In re Rumsey Mfg. Corp., 9 F.R.D. 93 (W.D.N.Y.1949), aff'd in part, rev'd on other grounds sub nom. McAvoy v. United States, 178 F.2d 353 (2d Cir. 1949)
 
 
 [12]
 28 U.S.C. Sec. 2283 A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments