353 F.Supp. 405 (1973)
Harry LIKE and Doris Mae Armsby, Individually and on behalf of all others similarly situated, Plaintiffs,
v.
Proctor N. CARTER, Director of the Division of Welfare of the State of Missouri, et al., Defendants.
No. 70 C 50(1).
United States District Court, E. D. Missouri, E. D.
January 16, 1973.
Harold L. Sarner and Richard D. Baron, Liberman, Baron, Goldstein & Freund, St. Louis, Mo., for plaintiffs.
John C. Danforth, Atty. Gen. of Mo., John C. Craft and Kirmit W. Almstedt, Asst. Attys. Gen., Jefferson City, Mo., John J. Inkley, Jr., Padberg, Raack, McSweerney & Slater, St. Louis, Mo. (Division of Welfare), for defendants.

MEMORANDUM
MEREDITH, Chief Judge.
This case is presently before this Court on remand from the United States Court of Appeals for the Eighth Circuit. Like v. Carter, 448 F.2d 798 (1971), cert. den. 405 U.S. 1045, 92 S.Ct. 1309, 31 L.Ed.2d 588 (1972). The facts, pertinent statutes and regulations, issues, and basis for the initial ruling of this Court are set out in Like v. Carter, 318 F.Supp. 910 (1970). Basically, plaintiffs seek judicial relief providing for payment of welfare benefits to qualified applicants to begin no later than the thirty-first day after filing an application for such payments, and also the payment of accrued past-due benefits to members of plaintiff classes.
Pursuant to the opinion of the Eighth Circuit Court of Appeals, this Court will grant a declaratory judgment to the effect that applications of members of the classes here involved for welfare benefits must be acted upon and the first payment made to eligible applicants within thirty days of the filing of the application and that eligible applicants whose claims have not been passed upon within thirty days are entitled to have retroactive benefits from the thirty-first *406 day following the filing of their applications, subject, however, to a provision that the foregoing shall not apply to instances where the state establishes that the delay is excused or justified by the provisions of the Handbook of Public Assistance Administration, and particularly Part IV, § 2300(b)(6).
This Court has been advised that the defendants in this case are now complying with the above requirements. Accordingly, an injunction will not be granted by this Court, since funds will be withheld by the Federal Government should Missouri fail to comply.
As to the request that this Court award retroactive benefits to those persons who have been wrongfully refused welfare payments, this Court is persuaded by and in full agreement with the recent decision in Rothstein v. Wyman, 467 F.2d 226 (2nd Cir. 1972), cert. requested, U.S.S.Ct. docket No. 72-5831, filed Dec. 6, 1972. Clearly, these payments would be a liability of the state and would be payable out of state funds. Relief of this type, in effect, amounts to a suit against the State of Missouri, and consequently results in a situation over which this Court does not have jurisdiction. U.S.Const., Amend. XI; Westberry v. Fisher, 309 F.Supp. 12 (D.Maine 1970).
While it is true that a state may voluntarily relinquish the protection of the Eleventh Amendment, that relinquishment must be shown to be clear and unequivocal. Great Northern Life Ins. Co. v. Read, 322 U.S. 47, 64 S. Ct. 873, 88 L.Ed. 1121 (1944). Such is not the case here. The fact that the State of Missouri elected to receive Federal funds to help defray the cost of the welfare programs which it has chosen to provide its citizens does not constitute a waiver of its immunity under the Eleventh Amendment. "Congress has not explicitly conditioned the grant of such funds upon the willingness of the recipient state to waive the immunity from suit provided by the Eleventh Amendment; nor are retroactive payments so necessary to the effectuation of congressional policies that a waiver arises by implication." Rothstein v. Wyman, supra, 238.
Accordingly, the request for accrued past-due benefits will be denied, and the motion to dismiss as to plaintiffs' prayer for payment of retroactive assistance benefits will be granted.