**Harry LIKE et al., Appellants,**

v.

**Proctor CARTER et al., Appellees.**

**No. 73–1091.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 11, 1973.

Decided Nov. 1, 1973.

Harold A. Sarner, St. Louis, Mo., for appellants.

William J. Raack, St. Louis, Mo., for appellees, Carter, Hill & Lynes.

Kermit W. Almstedt, Asst. Atty. Gen., Jefferson City, Mo., for appellees, Robinson and Vaughn.

Before GIBSON and BRIGHT, Circuit Judges, and TALBOT SMITH,* Senior District Judge.

BRIGHT, Circuit Judge.

In this sequel to the remand which we originally ordered in Like v. Carter, 448 F.2d 798 (8th Cir. 1971), Harry Like, for himself and similarly situated public assistance applicants, seeks the payment of welfare benefits on a retroactive basis to qualified applicants whose applications had not been promptly processed and paid as provided by law. He also requested injunctive relief against Missouri state officials who allegedly failed to process welfare claims within 30 days of filing as required by provisions and regulations of the Social Security Act. District Court Judge Meredith declined to afford appellant these forms of relief for reasons set out in an opinion reported as Like v. Carter, 353 F.Supp. 405 (E.D.Mo.1973). This appeal followed.

The underlying facts and circumstances of this litigation are related in our original decision and need not be repeated. In remanding for further proceedings in the district court, we said:

> We are satisfied that the plaintiffs as a minimum are entitled to a declaratory judgment determining that the applications of members of the classes here involved for welfare benefits must be acted upon and the first payment made to eligible applicants within thirty days of the filing of the application and that eligible applicants whose claims have not been passed upon within thirty days are entitled to have retroactive benefits from the thirty-first day following the filing of their applications, subject however to a provision that the foregoing shall not apply to instances where the state establishes that the delay is excused or justified by the provisions of Handbook Part IV, § 2300(b)(6).
>
> Whether the injunction prayed for should be granted should be left to the sound discretion of the trial court for determining after such further hear-

ing as he may deem appropriate on remand. By reason of the dismissal the court did not reach the injunction issue. Defendants have expressed a desire to comply with the thirty-day requirement and have indicated that they are taking steps to meet the requirement. The HEW pending investigation mentioned in footnote 1 may also aid in bringing about conformity with the federal laws and regulations.

By way of caveat, we state that the issue of the bar of the Eleventh Amendment to a suit against the state for accrued past due benefits was not reached by the trial court and is not reached by us. Similarly, the issue of whether the state has waived immunity from suit by accepting the federal grant is not determined. These issues are separate and distinct from our holding that jurisdiction exists under Ex parte Young [209 U.S. 123, 28 S. Ct. 441, 52 L.Ed. 714], supra. [Like v. Carter, 448 F.2d at 805.]

Judge Meredith in further considering the case on remand granted a declaratory judgment:

> [T]o the effect that applications of members of the classes here involved for welfare benefits must be acted upon and the first payment made to eligible applicants within thirty days of the filing of the application and that eligible applicants whose claims have not been passed upon within thirty days are entitled to have retroactive benefits from the thirty-first day following the filing of their applications, subject, however, to a provision that the foregoing shall not apply to instances where the state establishes that the delay is excused or justified by the provisions of the Handbook of Public Assistance Administration, and particularly Part IV, § 2300(b)(6). [Like v. Carter, 353 F. Supp. at 405–406.]

However, on remand the court denied any injunctive relief on the grounds that the appellees were then in compliance with requirements of law and refused to

---

* Eastern District of Michigan, sitting by designation.

award retroactive (or past due) benefits to those applicants who had earlier been denied prompt payment of their welfare claims. The district court construed this demand for monetary relief as constituting a suit against the State of Missouri in federal court and declined to exercise jurisdiction on Eleventh Amendment grounds. The appellants claim that the trial court erred on both issues.

 Our independent review of the record discloses no abuse of the trial court's discretion in denying injunctive relief to plaintiffs. See United States v. W. T. Grant Co., 345 U.S. 629, 633, 73 S.Ct. 894, 97 L.Ed. 1303 (1953); Parham v. Southwestern Bell Telephone Co., 433 F.2d 421, 429 (8th Cir. 1970). We agree with the district court's view that on jurisdictional grounds, the Eleventh Amendment bars any award for lost welfare benefits because of the failure of the state to pay claims within the prescribed time period of 30 days. Accordingly, we affirm on the basis of Judge Meredith's opinion.[1]

---

1. In denying any award for payment of past due welfare benefits, the district court relied on Rothstein v. Wyman, 467 F.2d 226 (2d Cir. 1972), cert. denied, 411 U.S. 921, 93 S. Ct. 1552, 36 L.Ed.2d 315 (1973). The Seventh Circuit has come to a contrary conclusion, Jordan v. Weaver, 472 F.2d 985 (1973). The Seventh Circuit decision is now before the Supreme Court as Edelman v. Jordan, No. 72–1410, cert. granted, 412 U.S. 937, 93 S.Ct. 2776, 37 L.Ed.2d 398 (1973).