**In the Matter of the GRAND JURY.**

Misc. No. 27.

United States District Court,
W. D. Oklahoma,
Criminal Division.

Oct. 2, 1974.

See also, D. C., 377 F.Supp. 1282.

Byrne A. Bowman, Oklahoma City, Okl., for applicants Hall.

William R. Burkett, U. S. Atty., Oklahoma City, Okl., for defendant.

### ORDER

DAUGHERTY, Chief Judge.

David Hall and Jo Evans Hall (Applicants) have filed their Second Application For Copies Of Grand Jury Transcripts. Their first Application was denied by Order of this Court on May 22, 1974. The Court of Appeals then denied their Petition For Writ Of Mandamus by which they sought to overturn said denial of this Court and compel delivery to them of said Grand Jury transcripts. By reference the abovementioned Order of this Court dated and filed herein on May 22, 1974 is made a part hereof. Said Order denied said Applicants' first request for Grand Jury transcripts because:

> (1) Applicants were not under indictment by the Grand Jury and even if they were, they did not show the "particularized need" [1] required by Dennis

---

1. The Applicants only asserted in their first Application that the secrecy of the Grand Jury proceeding as to them had been destroyed by the Order of the Court signed and issued on March 25, 1974, authorizing, on Motion of the United States Attorney, the disclosure of evidence received or to be received by the Grand Jury to the Internal Revenue Service (IRS) relating to violations of the Internal Revenue laws and to the Attorney General of Oklahoma relating to violations of the criminal laws of Oklahoma. This Order was issued pursuant to Rule 6(e), Federal Rules of Criminal Procedure which Rule is set out in Footnote 4 below.

v. United States, 384 U.S. 855, 86 S. Ct. 1840, 16 L.Ed.2d 973 (1966) and additionally because,

(2) the investigative probe of the Applicants was ongoing and in such circumstances the disclosure of the testimony of witnesses appearing before the Grand Jury was inappropriate, citing In Re Bonanno, 344 F.2d 830 (Second Cir. 1965).

In denying the Applicants' Petition For Writ Of Mandamus above mentioned the Court of Appeals did so "without prejudice to the filing of further petitions should there be a change in circumstances." Applicants now assert a change in circumstances based on certain local newspaper stories purporting to state in some detail the testimony of several witnesses appearing before the Grand Jury and reporting that "sources" [2] in the Federal Building or Department of Justice had stated that witnesses said "thus and so" and had stated the progress of the income tax investigation of the IRS. Applicants also refer to a letter from the United States Attorney for this District to a newspaper publisher protesting the newspaper stories above mentioned and stating that the secrecy of the Grand Jury proceedings had been destroyed by said stories.

The relief sought by Applicants in their Second Application under consideration is (1) for an Order of the Court releasing the desired transcripts to them and (2) for an Order restraining Government employees in the office of the United States Attorney for this District and in the Oklahoma City office of the IRS and any and all persons having copies of said transcripts and IRS reports or having access thereto from revealing the contents without approval of the Court.

The United States of America has responded to said Second Application For Transcripts. In said Response it is denied that any employee of the United States has revealed anything before the Grand Jury except pursuant to the aforementioned Order of the Court dated March 25, 1974; that the "change in circumstances" relied on by the Applicants does not entitle them to the said transcripts; that the Applicants have not shown any "particularized need" as required by Dennis v. United States, *supra*; that the investigative probe of Applicants is still ongoing, citing In Re Bonanno, *supra,* as not authorizing the requested disclosure in these circumstances; and. that Applicants are not entitled under their assertions and under the law to the injunctive relief against certain employees of the Federal Government prohibiting them from revealing the contents of Grand Jury transcripts and IRS reports without Court approval.

The conditions which formed the basis of this Court denying the Applicants' First Application For Grand Jury Transcripts and the Court of Appeals denying the Applicants' Petition For Writ Of Mandamus *still prevail,* namely, Applicants have not been indicted by the Grand Jury and if they were indicted they have not alleged any "particularized need" as required by Dennis v. United States, *supra,* and the investigative probe of the Applicants is still ongoing before the Grand Jury and in this circumstance they are not entitled to the requested disclosure of the transcripts.

■■■■ The Court is of the opinion that the "change in circumstances" had in mind by the Court of Appeals is not satisfied by newspaper stories, specially as the newspaper stories, if true and correct, only serve to inform the Applicants of testimony before the Grand Jury which is precisely what they want by their Application. In addition, Applicants are unable to identify any Federal employee who improperly or illegally revealed Grand Jury information. Hence, Applicants' allegations in this respect are mere speculative conclusions and do not warrant further considera-

---

2. These "sources" are not identified. In their Brief, Applicants state that their "names are unknown."

tion by the Court. The fact that the United States Attorney for this District may have voiced the opinion that the said newspaper stories have destroyed the secrecy of the Grand Jury proceedings as to Applicants is not binding on the United States of America or this Court. Moreover, such opinion does not conform with that of the Court. Newspaper stories standing alone should not be permitted to support the opinion or conclusion that the secrecy of a Grand Jury has been destroyed and as a consequence a person not under Indictment is thereby entitled to a transcript of testimony received by the Grand Jury.

■ The simple facts are that the Applicants who are not under indictment and not even alleging "particularized need", if they were, and still the subject of an ongoing investigative probe before the Grand Jury of this Court are not entitled to transcripts of Grand Jury testimony, notwithstanding newspaper stories purporting to report what went on before the Grand Jury. If anyone has violated the law regarding the proceedings of the Grand Jury of this Court or by revealing information before the Grand Jury, there is an adequate remedy to treat with such a person.[3]

The Court therefore concludes that Applicants' Second Application For Copies Of Grand Jury Transcripts should be denied. The conditions regarding the Applicants are the same. There has been no "change in circumstances" within the intent of the Court of Appeals.

■ The Applicants' further request for an Order restraining all employees in the office of the United States Attorney for this District and in the Oklahoma City office of the IRS and all persons having copies of said Grand Jury transcripts and IRS reports or access thereto without the approval of this Court should be denied. In making this request Applicants ignore the aforementioned Order of the Court issued on March 25, 1974. The granting of this request of Applicants would run counter to said Order which is a valid subsisting Order. The Court is aware of no reason why this request should be granted.

■ Rule 6(e), Federal Rules of Criminal Procedure [4] provides for the secrecy of Grand Jury proceedings and the disclosure of matters occurring before the Grand Jury. The Applicants identify no persons as violating this Rule. Applicants only assert conclusions based on newspaper stories and merely speculate that those desired restrained must have acted improperly. In the absence of anything more the Court finds no need to issue the requested restraining order. The extraordinary writ of injunction should be issued with great caution. Commercial Security Bank v. Walker Bank & Trust Co., 456 F.2d 1352

---

3. The Court is aware of no authority and none has been cited by Applicants that upon showing a breach of Grand Jury secrecy, one under investigation by the Grand Jury is thereby entitled to a transcript of all testimony before the Grand Jury pertaining to him. It would appear more appropriate to deal with the infractor rather than reveal all that has been presented to the Grand Jury.

4. This Rule provides:
    "(e) Secrecy of Proceedings and Disclosure. Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties. Otherwise a juror, attorney, interpreter, stenographer, operator of a recording device, or any typist who transcribes record-

ed testimony may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. No obligation of secrecy may be imposed upon any person except in accordance with this rule. The court may direct that an indictment shall be kept secret until the defendant is in custody or has given bail, and in that event the clerk shall seal the indictment and no person shall disclose the finding of the indictment except when necessary for the issuance and execution of a warrant or summons."

(Tenth Cir. 1972). It should not be utilized on mere speculation or guesswork. Applicants' grounds for the Writ of Injunction are speculative conclusions on which the Court, in its discretion, declines to issue the Writ.

Applicants' Second Application is denied in its entirety this 2d day of October, 1974.