Walter Robert TAYLOR, Plaintiff,

v.

Kevin M. GILMARTIN, Michael E. Trauscht, Wayne N. Howard, Freedom of Thought Foundation, Inc., Joseph Alexander, Esther Alexander, Joseph Alexander, Jr., Patrick "Biff" Alexander, Gary Scharff, Walter Winston Taylor, Sylvia Taylor, David Taylor, Does I through X, Defendants.

No. CIV–77–0351–D.

United States District Court,
W. D. Oklahoma.

June 10, 1977.

**910**

Charles E. Lane, W. Rogers Abbott, II, Oklahoma City, Okl., for plaintiff.

David W. Edmonds, Oklahoma City, Okl., for defendant Gilmartin.

Jordan L. Green, Phoenix, Ariz., for defendants Trauscht, Howard and Freedom of Thought Foundation, Inc.

J. M. Sheehan, Oklahoma City, Okl., for defendants Joseph Alexander, Esther Alexander, Patrick "Biff" Alexander, and Gary Scharff.

Richard A. Proctor, Oklahoma City, Okl., for defendant Walter Winston Taylor.

James W. Berry, Oklahoma City, Okl., for all defendants Taylor.

No attorney of record listed for defendants Joseph Alexander, Jr., and Does I through X.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff's Motion For Preliminary Injunction has been the subject of an evidentiary hearing before the Court.

In this action based on diversity and Federal question jurisdiction Plaintiff claims he is entitled to receive $3,300,000.00 in damages from Defendants for alleged civil rights violations, conspiracy, assault and battery, false imprisonment and malpractice.

The evidence reveals Plaintiff is a monk in an Oklahoma City monastery. Plaintiff testified his parents and others named as Defendants have attempted to cause him to leave the monastery and their activities. The last of any such effort was approximately ten months ago. No contacts or efforts in this direction have been made by Defendants since around August 1, 1976.

Plaintiff requests a preliminary injunction against the Defendants preventing them from:

1. Interfering with Plaintiff's religious practices or lifestyle.

2. Attempting to change Plaintiff's religious beliefs or practices.

3. Attempting to abduct or abducting Plaintiff from the monastery.

4. Engaging in any deprogramming activities relating to Plaintiff.

The power and authority of a Court to issue the extraordinary writ of injunction should be exercised with caution and care. It should not be utilized on mere speculation or guesswork. *In re Grand Jury*, 386 F.Supp. 730 (W.D.Okl.1974). The principal matters looked to by the Courts in considering an application for a preliminary injunction are:

(1) The threat of irreparable harm to applicant if it is not granted, and,

(2) a probability that Plaintiff will succeed on the merits of the case. Wright & Miller, Federal Practice and Procedure: Civil § 2948.

As Plaintiff has had no contacts with any Defendant for approximately ten months and has been in the monastery dur-

ing that period of time nor during said period of time has Plaintiff received any threats from any of the Defendants,[1] the Court finds from the evidence that there is no significant threat of irreparable harm to Plaintiff by Defendants if the injunction is not granted.[2]

With this finding and it being unnecessary to consider the other factor above mentioned, the Motion of Plaintiff for a preliminary injunction should be denied.

1. A speculative or theoretical harm is not sufficient for the issuance of a preliminary injunction. *A.L.K. Corporation v. Columbia Pictures Industries, Inc.,* 440 F.2d 761 (Third Cir. 1971). There must be a presently existing actual threat. *Holiday Inns of America, Inc. v. B & B Corporation,* 409 F.2d 614 (Third Cir. 1969).

2. Injunctive relief is designed to prevent future wrongs, not to punish past acts. *Knutson v. Daily Review, Inc.,* D.C., 383 F.Supp. 1346, *modified,* 401 F.Supp. 1374.