648 F.2d 1144
 61 A.L.R.Fed. 475
 Mabel L. THOMPSON, Vennestine Groves, Shirley R. Grimmett,
Deborah Gittens,
Linda Denise Price, Birder Gray, Appellees, Linda J. Hicks,
Patsy J. Eason, Linda S. Redhage and Suellen Marie
Smith, Appellees,
v.
David R. FREEMAN, Director of the Missouri Department of
Social Services, John Zumwalt, Director of the Division of
Family Services and J. Joseph Lewis, Director of the Jackson
County Welfare Office, Appellees,
Secretary of the Department of Health and Human Services, Appellant.
 No. 80-1594.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 13, 1981.
Decided May 13, 1981.
 
 Richard Chase, Nancy J. Molland, Legal Services of Eastern Missouri, Inc., St. Louis, Mo., for plaintiffs-appellees.
 Alice Daniel, Asst. Atty. Gen., Washington, D. C., Ronald S. Reed, Jr., U. S. Atty., Judith M. Strong, Asst. U. S. Atty., Kansas City, Mo., Randolph W. Gaines, Richard Wills Hubbard, Attys., Dept. of Health and Human Services, Baltimore, Md., for appellant.
 Paul T. Keller, Dept. of Social Services, Jefferson City, Mo., for defendants-appellees.
 Before BRIGHT, HENLEY and ARNOLD, Circuit Judges.
 BRIGHT, Circuit Judge.
 
 
 1
 The Secretary of Health and Human Services (HHS) appeals from a permanent injunction directing the Missouri Department of Social Services to process applications to the state for Aid to Families with Dependent Children (AFDC) within forty-five days, as required by 45 C.F.R. § 206.10(a)(3)(i) (1980), and ordering the Secretary to respond within fifteen days to any applicant who complains of future instances of delay by the state agency. We vacate the injunction and remand the case to the district court for further proceedings.
 
 
 2
 I. Background.
 
 
 3
 Plaintiffs Mabel L. Thompson, Vennestine Groves, Shirley R. Grimmitt, Deborah Gittens, Linda Denise Price, and Birder Gray initiated this action in federal district court on July 25, 1975, to compel the Missouri Department of Social Services[1] to process their applications for AFDC benefits within forty-five days, as required by 45 C.F.R. § 206.10(a)(3)(i) (1980). See Title IV A of the Social Security Act, 42 U.S.C. §§ 601-611 (1976 & Supp. III 1979) ("Aid to Families with Dependent Children"). On October 15, 1975, the district court determined that the action should proceed as a class action on behalf of all Missouri applicants, except those within the City of St. Louis, whose applications for AFDC and accompanying Medicaid benefits had been or, in the near future, would be pending longer than forty-five days. On November 24, 1976, the court entered a preliminary injunction directing the state agency to substantially comply with the forty-five days time requirement. Thompson v. Walsh, No. 75 CB 494-W-B-1 (W.D.Mo. Nov. 24, 1976) (unreported order).
 
 
 4
 Nearly three years later, on December 19, 1979, the district court entered an order holding the Missouri Department of Social Services in contempt of court for failing to comply with the preliminary injunction. Thompson v. Walsh, 481 F.Supp. 1170 (W.D.Mo.1979). In that order, however, the court postponed decision on what relief should be afforded plaintiffs to redress the state agency's contempt. Instead, the court directed counsel to
 
 
 5
 convene an across-the-table conference to determine whether this Court should seek the views of the Secretary of the Department of Health and Welfare as either a party or as an amicus to assist it in designing an appropriate remedy * * *. (Id. at 1178.)
 
 
 6
 During the conference, the district court indicated its preference to join the Department of Health and Human Services[2] as a party to the action, but both plaintiffs and HHS objected to any mandatory participation by the federal agency in the case. At another conference with counsel on March 12, 1980, the court agreed not to join HHS as a party, but stated its intention to make HHS subject to the court's final judgment pursuant to Rule 65(d) of the Federal Rules of Civil Procedure.[3]
 
 
 7
 Accordingly, the district court issued its "Final Judgment, Order and Decree" on May 2, 1980. Thompson v. Freeman, No. 75 CV 494-W-B-1 (W.D.Mo. May 2, 1980) (unreported order). Paragraph 3 of the judgment permanently enjoined Missouri officials from failing to process applications for AFDC benefits within forty-five days of the date of application. Paragraph 4 further directed the state authorities to presume eligible and issue benefits to any applicant whose application was not processed within the forty-five day time requirement. Additionally, the court formulated a procedure for AFDC applicants to seek relief if, in the future, they believe that state officials are not complying with the provisions of the court's order. According to this procedure, as set forth in paragraph 11 of the order,[4] aggrieved applicants could not return to federal court for further enforcement proceedings unless they first petitioned HHS for assistance. The complainant must serve on the Regional Commissioner of the Social Security Administration a written request to take appropriate action to enforce the provisions of the court's order. The Regional Commissioner, in turn, must respond in writing to the request within fifteen days, "stat(ing) with particularity what action, if any, will be taken by (HHS); when such action, if any, will be taken; and the reasons supporting the decision of (HHS)." Id. at P 11(c).
 
 
 8
 II. Discussion.
 
 
 9
 On appeal, HHS contends that the district court lacked authority to enjoin the federal agency in paragraph 11 of the court's final order.[5] The parties to this appeal agree that the district court's authority to include HHS within the scope of the injunction must rest, if at all, on Rule 65(d) of the Federal Rules of Civil Procedure, which grants a court power to enjoin a nonparty "in active concert or participation with" a party to the action. See note 3 supra. The sole issue on appeal, therefore, is whether HHS may be viewed as a nonparty "in active concert or participation with" the Missouri Department of Social Services within the meaning of Rule 65(d).
 
 
 10
 In Regal Knitwear Co. v. NLRB, 324 U.S. 9, 65 S.Ct. 478, 89 L.Ed. 661 (1944), the Supreme Court explained that the power of a court to bind a nonparty to the provisions of an injunctive order derives
 
 
 11
 from the common-law doctrine that a decree of injunction not only binds the parties defendant but also those identified with them in interest, in "privity" with them, represented by them or subject to their control. In essence * * * defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding. (Id. at 14, 65 S.Ct. at 481.)
 
 
 12
 Accordingly, a nonparty may be enjoined under Rule 65(d) only when its interests closely "identify with" those of the defendant, when the nonparty and defendant stand in "privity," or when the defendant "represents" or "controls" the nonparty. See Chase National Bank v. City of Norwalk, 291 U.S. 431, 436-37, 54 S.Ct. 475, 477-478, 78 L.Ed. 894 (1934); Kean v. Hurley, 179 F.2d 888, 890 (8th Cir. 1950). Whether a defendant may evade an injunctive order through the actions of a nonparty "ordinarily presents a question of fact requiring examination of the circumstances of each case as it arises." Crane Boom Life Guard Co. v. Saf-T-Boom Corp., 362 F.2d 317, 322 (8th Cir. 1966).
 
 
 13
 The circumstances of this case clearly demonstrate that the district court erred in enjoining HHS under the provisions of Rule 65(d). The gravamen of this controversy concerns Missouri's alleged failure to comply with federal regulations. For this reason, Missouri's interests do not coincide with those of HHS. Like the plaintiffs in this action, HHS seeks Missouri's full compliance with federal standards. Similarly, HHS does not stand in privity with the state agency, nor does Missouri "represent" or "control" the federal agency, because HHS oversees the state's implementation of the federal AFDC program. Indeed, the willingness of the district court to construct an order that charges HHS with responsibility in enforcing the court's order strongly suggests that HHS has not acted "in concert or participation with" the Missouri Department of Social Services within the meaning of Rule 65(d).
 
 
 14
 Missouri argues, however, that the district court properly included HHS within the scope of the injunction because the responsibility to monitor the state's compliance with the forty-five day time limit rests by law within HHS. It contends that in light of the length of this litigation, which began in July of 1975, and similar litigation on Missouri's compliance with AFDC time requirements in Like v. Carter,[6] the district court had ample grounds to believe that HHS has been lax in enforcing its regulations. Thus, it concludes, HHS may be considered as one "in active concert or participation with" the state agency in allowing violations of federal regulations to recur. Further, it concludes, paragraph 11 of the injunction simply places the responsibility for enforcement of the AFDC regulations where Congress intended it to be in HHS, not in the courts.
 
 
 15
 Although we recognize HHS's past ineffectiveness in securing Missouri's compliance with AFDC regulations, this ineffectiveness does not alone amount to "active concert or participation with" the state agency within the meaning of Rule 65(d). As previously pointed out, a nonparty may be enjoined under Rule 65(d) only when its relationship to an enjoined party rises to the level of identity in interests, privity, or representation or control. That relationship does not exist between Missouri and HHS.
 
 
 16
 For these reasons, we direct the district court to modify its injunction by deleting paragraph 11 from the decree, or if paragraph 11 is not separable from the remainder of the decree, by revising the injunction in a manner deemed appropriate by the court under all of the circumstances of this litigation.[7]
 
 
 
 [1]
 Plaintiffs originally named as defendants James F. Walsh, Director of the Missouri Department of Social Services, John Zumwalt, Director of the Division of Family Services, and J. Joseph Lewis, Director of the Jackson County Welfare Office. Before the district court issued its final order in this action, however, the parties agreed to substitute David R. Freeman for Walsh, as the present Director of the Missouri Department of Social Services
 
 
 [2]
 Subsequent to the court's December 19, 1979 order, the Department of Health and Welfare became the Department of Health and Human Services. Accordingly, this opinion will refer to the Department of Health and Welfare as the Department of Health and Human Services (HHS)
 
 
 [3]
 Rule 65(d) states in pertinent part:
 (d) Form and Scope of Injunction or Restraining Order. Every order granting an injunction * * * is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise. (Emphasis added.)
 
 
 [4]
 Paragraph 11 provides:
 
 
 [11]
 That if any plaintiff or other person or counsel who represents such plaintiff or other person believes that defendants are not complying with the provisions of this Final Judgment, Order and Decree, such person shall, before making or filing any application for this Court to exercise its independent power and jurisdiction to enforce the Final Judgment, Order and Decree, take the following action:
 (a) Such plaintiff(s) or other person(s) or their counsel shall prepare and serve on the Regional Commissioner of the Social Security Administration an appropriate written request that HEW or its successor agency take appropriate action to enforce the provisions of this Final Judgment, Order and Decree.
 (b) Such request shall state with particularity the circumstances concerning defendants' alleged noncompliance including exhibits and affidavits of persons with personal knowledge as to the alleged noncompliance. A copy of the request and supporting data shall be forwarded to this Court and to defendants. Noncompliance shall be as defined in 42 U.S.C. § 604(a)(2) and 45 C.F.R. § 201.6(a).
 (c) The Regional Commissioner of the Social Security Administration shall, within fifteen (15) days after receipt of a request, reply to such request in writing. Such reply shall state with particularity what action, if any, will be taken by HEW or its successor agency; when such action, if any, will be taken; and the reasons supporting the decision of HEW or its successor agency. A copy of that reply shall be forwarded to the Court and to defendants.
 (d) In the event HEW or its successor agency, as a result of the request, takes action deemed appropriate by the complaining party, no further proceedings will be necessary.
 (e) In the event that HEW or its successor agency does not reply within the fifteen (15) day period, or replies within the fifteen (15) day period that it intends to take action considered to be inadequate by the complaining party, or subsequently fails to take action deemed to be appropriate by the complaining party, then in those circumstances, and only in those circumstances, such person may promptly advise the Court in writing and file an appropriate motion, with a copy to defendant, that the Court give appropriate consideration as to whether the Court should issue a rule to show cause and thereafter exercise its independent power and jurisdiction to take appropriate action to enforce this Final Judgment, Order and Decree as the circumstances may require under applicable law.
 (f) The Court will consider the motion of the complaining party, the suggestions filed in support of and in opposition to that motion, together with the written request to HEW or its successor agency, and the reply from HEW or its successor agency and thereafter determine what further action, if any, should be taken under the circumstances.
 
 
 [5]
 Although HHS was not a party to this action, it may bring this appeal to contest the district court's jurisdiction to bind it to the terms of the court's injunction. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110, 89 S.Ct. 1562, 1569, 23 L.Ed.2d 129 (1969); Commercial Security Bank v. Walker Bank & Trust Co., 456 F.2d 1352, 1354 (10th Cir. 1972)
 
 
 [6]
 318 F.Supp. 910 (E.D.Mo.1970), rev'd, 448 F.2d 798 (8th Cir. 1971), on remand, 353 F.Supp. 405 (E.D.Mo.), aff'd, 486 F.2d 522 (8th Cir. 1973)
 
 
 [7]
 Whatever relief the district court determines to afford plaintiffs on remand, we urge and expect that HHS will voluntarily and diligently assist the Missouri Department of Social Services in achieving substantial compliance with federal law