FILED
United States Court of Appeals
Tenth Circuit

April 29, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JESUS TINAJERO-PORRAS,

Defendant - Appellant.

No. 07-6041

(W. D. Oklahoma)

(D.C. No. CR-06-115-1-R)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

On September 14, 2006, a jury in the United States District Court for the

Western District of Oklahoma convicted Jesus Adolfo Tinajero-Porras of drug

charges arising out of a conspiracy to possess with intent to distribute 5 kilograms

or more of cocaine and 1,000 kilograms or more of marijuana. Mr. Tinajero-

Porras raised no objections to the presentence report (PSR) prepared by the

probation office and he was sentenced to 30 years' imprisonment. On appeal he

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

raises several challenges to his sentence and contends that he was denied effective assistance of counsel. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. DISCUSSION

### A. Sentencing

#### 1. Drug-Quantity Determination

Mr. Tinajero-Porras challenges the district court's determination that he was responsible for distributing more than the equivalent of 600,000 kilograms of marijuana. He contends that the trial testimony was insufficiently reliable to support the PSR recommendations adopted by the district court. At sentencing, however, Mr. Tinajero-Porras did not object to the PSR report. This failure to object constitutes an admission of the facts in that report, and he cannot challenge them on appeal. *See United States v. Tindall*, 519 F.3d 1057, 1061–62 (10th Cir. 2008); Fed. R. Crim. P. 32(i)(3)(A). Moreover, Mr. Tinajero-Porras, who is represented by counsel, has not provided us with an adequate record to review his claim that the evidence was insufficient. The PSR quantity calculations were based in large part on testimony at Mr. Tinajero-Porras's trial and the record on appeal does not include any portion of the trial transcript. *See United States v. Dago*, 441 F.3d 1238, 1251 (10th Cir. 2006) (appellate court will not review sufficiency of evidence in absence of record including the relevant evidence).

### 2. Prior Felony Conviction

Mr. Tinajero-Porras next contends that the district court violated his Sixth Amendment right to a jury trial by relying on a prior felony conviction when calculating his criminal-history category.[1]  But there is no Sixth Amendment violation when a district court makes fact findings in calculating the advisory sentencing range under the United States Sentencing Guidelines.  *See United States v. Ramirez*, 479 F.3d 1229, 1255–56 (10th Cir. 2007).

### 3. Possession of a Firearm

Mr. Tinajero-Porras contends that the district court violated his right to a jury trial by enhancing his sentence based on possession of a firearm, because the jury was unable to reach a verdict on the firearm-possession charge against him.  But even if the jury had acquitted him on the charge, the court was not bound by the jury's verdict.  *See United States v. Magallanez*, 408 F.3d 672, 683–85 (10th Cir. 2005).

### B. Ineffective Assistance of Counsel

Mr. Tinajero-Porras contends that his counsel was ineffective because he "offered no objections to any evidence, witness reliability, admissibility of

---

[1]The government notes that only one criminal-history point should have been assessed for Mr. Tinajero-Porras's prior conviction because the sentence was suspended, *see* USSG §§ 4A1.1(f), 4A1.2(b).  But it points out that the error did not affect Mr. Tinajero-Porras's substantial rights because he still would have had the identical advisory Guidelines range of life imprisonment and the district court varied downward to impose a lower sentence.

testimony, or even to the PSR, which, quite literally, placed Tinajero-Porras off the punishment range chart." Aplt. Br. at 19. We will not review this contention on this appeal. "Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995).

## II.    CONCLUSION

We AFFIRM Mr. Tinajero-Porras's convictions and sentence.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge