FILED
United States Court of Appeals
Tenth Circuit

December 24, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

JESUS TINAJERO-PORRAS,

     Defendant-Appellant.

No. 08-6171
(D.Ct. No. 5:06-CR-00115-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

Before **BARRETT**, **ANDERSON**, and **BRORBY**, Circuit Judges.

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

     Appellant Jesus Tinajero-Porras, a *pro se* litigant and federal inmate, appeals the district court's dismissal of his petition for a writ of mandamus, filed

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

pursuant to 28 U.S.C. § 1651, seeking an order compelling his appellate counsel to provide him with copies of the trial transcript in his criminal case. The district court dismissed his petition for lack of subject matter jurisdiction and Mr. Tinajero-Porras now appeals. We affirm the district court's dismissal of his petition for a writ of mandamus.

## I. Procedural Background

On September 14, 2006, a jury convicted Mr. Tinajero-Porras of drug charges arising out of a conspiracy to possess with intent to distribute five kilograms or more of cocaine and 1,000 kilograms or more of marijuana, and the district court sentenced him to thirty years imprisonment. *See United States v. Tinajero-Porras*, 275 F.App'x 794, 795 (10th Cir. Apr. 29, 2008) (unpublished), *cert. denied*, 129 S. Ct. 277 (2008). The district court also entered a preliminary order of property forfeiture. Mr. Tinajero-Porras appealed his sentence but did not appeal the preliminary order of property forfeiture. *Id.* at 795. We affirmed his sentence, *id.* at 796, after which the Supreme Court denied his petition for a writ of certiorari. *See Tinajero-Porras v. United States*, 129 S. Ct. 277 (2008). Ultimately, the district court issued a final order relating to the disposition of the forfeited property. Mr. Tinajero-Porras filed a *pro se* notice of his intent to appeal the final forfeiture order, and this court opened case number 08-6129, noting the apparent lack of jurisdiction, issuing an order requesting Mr. Tinajero-

Porras show cause why the appeal should not be dismissed, and allowing the government to also brief the issue. Following briefing, we determined Mr. Tinajero-Porras's attempted appeal on the forfeiture issue was untimely and dismissed case number 08-6129 for lack of appellate jurisdiction. We also denied his alternative request that this court recall the mandate issued in the direct appeal of his sentence in order to address the forfeiture issue.

On July 21, 2008, Mr. Tinajero-Porras filed in the district court the instant petition for a writ of mandamus, under 28 U.S.C. § 1651, seeking to compel his appellate counsel to provide him with copies of his trial transcript and "the file in the above captioned criminal case." The district court issued an order, acknowledging Mr. Tinajero-Porras had: (1) presented evidence of his efforts to obtain these materials from counsel; (2) indicated the materials are needed by him to pursue a possible collateral attack on his conviction and sentence; and (3) argued no alternative means of relief were available to him. The district court then determined the petition must be dismissed for lack of subject matter jurisdiction, relying on our decision in *Commercial Security Bank v. Walker Bank & Trust Co.*, 456 F.2d 1352 (10th Cir. 1972).

## II. Discussion

Mr. Tinajero-Porras now appeals the district court's denial of his petition

for a writ of mandamus under 28 U.S.C. § 1651 and, for the first time on appeal, also seeks a writ under 28 U.S.C. § 1361, claiming the district court erred in failing to treat his request to compel counsel to provide copies of his case file and trial transcript as an extraordinary situation under either statute. Alternatively, he argues that if the district court had no authority to issue a writ against a private attorney, it should have liberally construed his petition "into a pleading to compel."[1]

We review de novo the district court's dismissal for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12 and review findings of jurisdictional facts for clear error. *See Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008), *petition for cert. filed* (U.S. Nov. 26, 2008) (No. 08-711). We have held the All Writs Act, provided in 28 U.S.C. § 1651, does not create or

---

[1] In support of his request, Mr. Tinajero-Porras attached copies of: (1) his letters to appellate counsel requesting his trial transcripts and file; (2) counsel's letters informing Mr. Tinajero-Porras the entire record on appeal, including trial transcripts, are in electronic format and asking Mr. Tinajero-Porras whether he wanted a CD or floppy disk of the requested documents, contingent on his ability to access and use them at the prison, or, alternatively, permission to seek funds from the Tenth Circuit CJA administrators to cover the cost of printing the materials and sending them in paper format to him; (3) Mr. Tinajero-Porras's letters initially requesting paper copies of his file, then later requesting a CD or floppy disk of his file and directing it be sent to his brother; and (4) counsel's letter informing Mr. Tinajero-Porras a CD containing a copy of the trial transcripts was mailed to his brother and advising he may have to download free internet software known as "E–Transcript Viewer" to use it. While Mr. Tinajero-Porras acknowledges his brother received the CD, he complains the "printing was inaccessible."

provide independent subject matter jurisdiction for courts where such jurisdiction is lacking, but, instead, provides a means to correct an action within the court's jurisdiction. *See Commercial Sec. Bank*, 456 F.2d at 1355. "In *Commercial Sec[urity] Bank*, we rejected a district court's purported reliance on the All Writs Act as a means for asserting jurisdiction over a party that had not been served with process and was not in any manner before the court." *Hillman v. Webley*, 115 F.3d 1461, 1469 (10th Cir. 1997) (internal quotation marks and citation omitted). "In so doing, we held the Act does not allow a court to acquire jurisdiction over an individual or property not otherwise subject to its jurisdiction and does not operate to confer jurisdiction." *Id.* (quotation marks and citation omitted). As to the other statute on which Mr. Tinajero-Porras relies, § 1361 grants a district court "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

While we generally construe *pro se* pleadings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), it is clear in this case the district court simply did not have subject matter jurisdiction over appellate counsel, from whom Mr. Tinajero-Porras sought copies of his trial transcripts. No proceeding was before the district court which would have conferred such jurisdiction under 28 U.S.C. § 1651, nor was counsel before the court in any other manner.

-5-

As to Mr. Tinajero-Porras's request to compel production of the transcripts and file under 28 U.S.C. § 1361, we generally do not consider claims raised for the first time on appeal, except, for instance, when the issue is a question of law, the proper resolution of which is beyond reasonable doubt, and the failure to address the issue would result in a miscarriage of justice. *See Shoels v. Klebold*, 375 F.3d 1054, 1062 (10th Cir. 2004)  None of those criteria are presented here. Even if we considered Mr. Tinajero-Porras's § 1361 argument, his appellate counsel was not an officer or employee of the United States for the purpose of applying 28 U.S.C. § 1361, so the district court would have similarly lacked authority to issue a writ of mandamus against Mr. Tinajero-Porras's private attorney in a dispute between them. *See United States v. Wesson*, 33 F.3d 788, 798 (7th Cir. 1994).

For these same reasons, the district court did not have jurisdiction to construe Mr. Tinajero-Porras's petition "into a pleading to compel."  Thus, having reviewed the record and briefs on appeal, we conclude the district court did not err in dismissing Mr. Tinajero-Porras's § 1651 petition for lack of subject matter jurisdiction.  Under the circumstances presented, Mr. Tinajero-Porras's argument is frivolous and we will not expend further judicial resources considering it.

### III. Conclusion

We **AFFIRM** the district court's dismissal of Mr. Tinajero-Porras's petition for a writ of mandamus.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge