Norman CASTILLO, D.O.,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 82–5545.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 18, 1983.

Decided June 1, 1983.

J. Emery Barker, Tucson, Ariz., for plaintiff-appellant.

Susan A. Ehrlich, Asst. U.S. Atty., Phoenix, Ariz., for defendant-appellee.

Before CHOY and SNEED, Circuit Judges, and RAFEEDIE,* District Judge.

CHOY, Circuit Judge:

Norman Castillo appeals from the district court's grant of summary judgment dismissing his suit against the United States brought under the Tucker Act, 28 U.S.C. § 1346(a)(2). Castillo seeks reimbursement for attorney's fees and costs that he incurred when he retained private counsel to defend him in a matter that arose within the scope of his employment contract with the United States. Because we agree with the district court's finding that Castillo has no basis for recovery under the Tucker Act, we affirm.

I

The National Health Service Corps ("NHSC"), an agency of the United States, had an agreement with the University of Arizona College of Medicine and the Benson Health Services Corporation whereby the NHSC provided two physicians for service in Benson, Arizona. Pursuant to the agreement, the NHSC sent Castillo to Benson in 1974 to serve as a staff physician at the Benson Hospital.

In December 1975, Castillo became a member of the peer review committee that certified physicians for staff privileges at the Benson Hospital. While serving as a member of the committee, Castillo concurred with the other committee members in imposing restrictions on the surgical practice of Dr. James M. Shy. Consequently, on September 6, 1976, Shy sued Castillo, the hospital, and its board of directors. An order to show cause was returnable in state court on September 13, 1976.

On September 7, 1976, Castillo telephoned Ruth Siegel of the NHSC regional office in San Francisco and advised her that he had been sued. He inquired whether the NHSC would provide counsel and was told that he would be informed at a later date. On September 9, 1976, Castillo retained private counsel to defend him in the Shy suit. The parties disagree on what transpired subsequently, but it is undisputed that Castillo decided to have the continued services of his private counsel even after he was advised that federal legal representation was available while reimbursement for attorney's fees and costs was not. Castillo's defense was ultimately successful, and Shy's claim against Castillo was dismissed on November 15, 1978. On September 2, 1980, Castillo filed the complaint below, seeking reimbursement from the United States for attorney's fees and costs incurred in connection with the Shy suit. Jurisdiction rested on the Tucker Act, and the claim was based on Castillo's employment contract with the NHSC and on 42 U.S.C. § 2458a.

II

The issue on this appeal is whether the district court erred in granting summary judgment dismissing Castillo's Tucker Act claim on the ground that no substantive right of recovery existed in this case. Sum-

* The Honorable Edward Rafeedie, District Judge for the Central District of California, sitting by designation.

mary judgment is proper if there is no genuine issue of material fact, and if the movant is entitled to prevail based on the governing law. *United States v. Bissett-Berman Corp.,* 481 F.2d 764, 767 (9th Cir. 1973). There is no genuine issue of material fact here.[1] Thus, our inquiry is directed solely to the governing law.

 No suit lies against the United States except as it expressly consents to be sued. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *Hill v. United States,* 571 F.2d 1098, 1101 (9th Cir.1978). Castillo sued under the Tucker Act, which states, in relevant part, that district courts shall have original jurisdiction, concurrently with the Court of Claims, of:

> Any ... action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States.

28 U.S.C. § 1346(a)(2). The Tucker Act does not create a substantive right enforceable against the United States for money damages; it merely confers jurisdiction whenever the substantive right exists. *Testan,* 424 U.S. at 398, 400, 96 S.Ct. at 953, 954. The Tucker Act must be strictly construed in light of its function in giving the consent of the government to be sued. *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941).

 There is no dispute in this case that the employment contract between Castillo and the NHSC did not expressly provide for reimbursement of attorney's fees and costs. A separate agreement between Castillo and the NHSC states that the government will provide for the "defense of malpractice

suits" pursuant to 42 U.S.C. § 233.[2] However, we agree with the district court that § 233, read in conjunction with Castillo's employment contract, at most provides for legal representation by the government, not reimbursement for expenses incurred in retaining private counsel. *See Testan,* 424 U.S. at 400, 96 S.Ct. at 954 (the grant of the right of action cognizable under the Tucker Act "must be made with specificity"). Similarly, 42 U.S.C. § 2458a(b), which Castillo relies on, merely states that "[t]he Attorney General shall defend" any malpractice and negligence suits against the United States. It is true that 28 C.F.R. § 50.16(a) does allow reimbursement for expenses incurred in retaining private counsel, but only when the employee is a target of criminal investigation or when the Department of Justice has determined that a conflict of interest precludes legal representation by the government. Therefore, neither Castillo's employment contract nor the applicable statutory provisions and regulation support Castillo's Tucker Act claim.

 Castillo insists that he is entitled to reimbursement for attorney's fees and costs under the Tucker Act based on the blackletter law that a principal must reimburse an agent for legal expenses incurred in defending actions brought by third persons involving the agent's authorized conduct, relying on *Admiral Oriental Line v. United States,* 86 F.2d 201 (2d Cir.1936). In other words, Castillo's argument is best construed as asserting Tucker Act jurisdiction over an implied contract derived from an agency relationship. However, we feel that 42 U.S.C. §§ 233 and 2458a serve to preclude reimbursement for attorney's fees and costs based on an agency principle. These statutory provisions specifically provide the remedy of legal representation where, as here, a government employee is forced to defend

---

1. Castillo contends that the district court's grant of summary judgment was improper because a factual dispute existed as to whether Castillo had advised the Government, at the time of his initial contact with it, regarding the scheduled show-cause hearing six days later. Such a dispute has no bearing, however, on the dispositive inquiry before us: whether Castillo

is entitled to reimbursement for attorney's fees and costs under the Tucker Act.

2. Section 233(a), (b), 42 U.S.C., states that [t]he Attorney General shall defend" any civil action or proceeding brought in any court against any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment.

himself in connection with a matter that arises within the scope of his employment. The remedy may be deemed to modify and displace any common-law claim that a government employee may assert against the government in a similar situation. To permit a government employee to bypass the statutory remedy of legal representation and obtain reimbursement for privately-retained attorney's fees and costs would negate the intent of Congress in enacting the statutory remedy.

*Admiral Oriental Line* is inapposite. The court in that case held that a shipping agent of the United States, when sued by a subagent for expenses incurred by the subagent in successfully defending a suit by cargo owners for loss, could, before the agent's liability is adjudicated, maintain a suit under the Tucker Act against the United States for exoneration. 86 F.2d at 202–04. The plaintiff in that case had a "straight" commercial agency contract to operate ships owned by the United States. *Id.* Furthermore, the case did not involve specific statutes, such as 42 U.S.C. §§ 233, 2458a, which say when a government agent may receive legal representation. Under circumstances not present here, the court in *Admiral Oriental Line* properly allowed the plaintiff Tucker Act recovery on the common law principle that "[a]n agent, compelled to defend a baseless suit, grounded upon acts performed in his principal's business, may recover from the principal the expenses of his defense." 86 F.2d at 202.

The grant of summary judgment below is AFFIRMED.