Bill MEDINA, Plaintiff,

v.

The UNITED STATES and the Public Policy, Defendants.

No. C–85–20296 WAI.

United States District Court, N.D. California.

June 10, 1986.

Bill Medina, in pro. per.

Jay R. Weill, David L. Denier, Asst. U.S. Attys., San Francisco, Cal., for defendants.

## ORDER

INGRAM, District Judge.

Plaintiff has made a request before this court for leave to amend his complaint. Plaintiff has also made a motion in this court for a Temporary Restraining Order or a Preliminary Injunction. For the reasons set forth below, the COURT HEREBY ORDERS that plaintiff's motions are DENIED, and this action is DISMISSED.

Plaintiff initially filed this action against an individual I.R.S. agent Funis in state court. The action was removed to this court and defendant filed a motion to dismiss. On July 12, 1985, the motion was granted with leave to amend to show why defendant was not entitled to qualified immunity. *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). Plaintiff filed an amended complaint on August 12, 1985. Funis remained the only named defendant although the majority of plaintiff's complaint is directed towards the I.R.S. with respect to the collection of tax. Plaintiff fails to allege that Funis acted outside the scope of her authority in accordance with the prior order of this court. Plaintiff argues instead against the existence of the doctrine of qualified immunity.

### THE MOTION FOR INJUNCTIVE RELIEF

■ This court cannot enjoin the collection of tax. The anti-Injunction Act, 26 U.S.C. § 7421(a) prohibits suit brought for the purpose of restraining the assessment or collection of any tax. This section likewise prevents the district court from granting equitable relief that would have such an effect. *Blech v. United States*, 595 F.2d 462 (9th Cir.1979); *Hutchinson v. United States*, 677 F.2d 1322 (9th Cir.1982); *Stonecipher v. Bray*, 653 F.2d 398 (9th Cir.1981). Plaintiff's motion for an injunction must be denied.

### THE MOTION TO AMEND

Plaintiff now seeks to file an amended complaint. In that complaint, the I.R.S. and the "Public Policy" are the only named defendants. Plaintiff's complaint is con-

cerned with defendants' actions with respect to the collection of tax.

■ After a party's first amended pleading, "a party may amend his pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P.Rule 15(a). However, a federal court must dismiss an action for lack of federal subject matter jurisdiction if the federal claims that are the basis for jurisdiction are obviously without merit or frivolous. *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974).

■ In this instance, the suit against the United States is barred by the doctrine of sovereign immunity. *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *Castillo v. United States*, 707 F.2d 422 (9th Cir.1983). Under this doctrine, suit can be brought against the United States only in certain circumstances where sovereign immunity has been waived. Plaintiff has failed to set forth a claim under any such exception.[1] Furthermore, plaintiff's claims, as alleged, are totally frivolous. Plaintiff's motion to amend must be denied.

■ This court likewise determines that plaintiff's present complaint must be dismissed *sua sponte*. Plaintiff has failed to comply with this court's order of July 12, 1985. Plaintiff has failed to show any basis for a claim that defendant was acting outside the scope of her official capacity or in bad faith in the assessment of plaintiff's tax. Plaintiff's complaint fails to state a claim in its existing form. *Hagans v. Lavine, supra.*

---

1. In his existing complaint, in which Agent Funis is the sole named defendant, plaintiff has alleged disclosure of confidential information under 26 U.S.C. § 7431(a)(1). Such a claim is properly brought against the United States. Plaintiff has, however, failed to plead any such claim in his proposed amended complaint. Furthermore, plaintiff has failed, in either of his complaints, to allege any facts tending to support a claim of disclosure of confidential information from plaintiff's tax return or tax return information.