884 F.2d 1387
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kenneth T. BOSLEY, Personal Representative of the Estate of
Webster Bosley, Plaintiff-Appellant,
v.
DAIRYMEN, INC., Defendant-Appellee,
and
Daniel M. Bosley, Defendant.
 No. 89-2617.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 15, 1989.
Decided July 24, 1989.
 
 Kenneth T. Bosley, appellant pro se.
 William Lee Farrar, Jr., John F. Sherlock, III, Alagia, Day, Marshall, Mintmire & Chauvin, for appellee Dairymen, Inc.
 Charles E. Brooks for defendant Daniel M. Bosley, Sr.
 Before DONALD RUSSELL, MURNAGHAN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Kenneth T. Bosley (Bosley) brought this action in federal district court challenging the Maryland state court's determination regarding the ownership of a herd of cattle and his status as personal representative of the estate of his late father, Webster Bosley. The state court determined that the herd of cattle, which had once belonged to Webster Bosley, belonged at the time of Webster Bosley's death to Daniel M. Bosley, Sr., Bosley's brother, rather than to Webster Bosley's estate. The state court also removed Bosley from his position as the personal representative of Webster Bosley's estate for failure to comply with a Maryland statute which requires personal representatives to file inventories of estates with the court within a specified period of time.
 
 
 2
 Bosley asserted, as bases of jurisdiction, four alternatives. First, he alleged that there was federal question jurisdiction because he had contracted to sell the cattle to the United States Department of Agriculture under a federal whole-herd buyout program, a fact which was irrelevant to the issues presented in the case. Next, he alleged diversity jurisdiction; however, diversity was not complete. 28 U.S.C. Sec. 1332. Third, he contended that the state court had erred in its evaluation of evidence presented in both cases; however, this does not present a federal question. 28 U.S.C. Sec. 1331. Finally, he alleged that the district court had jurisdiction because the Maryland statute requiring inventories of estates was unconstitutional.
 
 
 3
 The district court addressed Bosley's last asserted ground for jurisdiction and found that the statute was constitutional. The court went on to find jurisdiction based upon Bosley's assertion that the state court's errors* deprived him of property without due process of law. After an extensive analysis of the state court proceedings, the district court found that Bosley had not been denied due process of law; consequently, the case was dismissed.
 
 
 4
 Contrary to the district court's reasoning, Bosley's claim that he was denied property without due process of law because of the state court civil proceedings did not give the district court jurisdiction over the case. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983). Bosley sought a review of state court proceedings in federal district court because he believed that the state courts had erroneously overlooked evidence and because of purported conflicts of interest. Neither the district court nor this Court has jurisdiction to review the judicial proceedings of a state court. Feldman, 460 U.S. at 476-79.
 
 
 5
 The only other possible basis for jurisdiction is the purported unconstitutionality of the Maryland statute pertaining to inventories of estates. That claim, however, is totally without merit. Further, it was included in the complaint only in an effort to secure federal jurisdiction which was otherwise lacking. Because that claim is obviously frivolous, the case should have been dismissed for lack of jurisdiction. Bell v. Hood, 327 U.S. 678, 682-83 (1946); Mainelli v. Providence Journal Co., 312 F.2d 3, 5-6 (1st Cir.1962); Medina v. United States, 664 F.Supp. 1318, 1320 (N.D.Ca.1986), aff'd, 820 F.2d 407 (9th Cir.1987).
 
 
 6
 Accordingly, we modify the district court's order to show that the dismissal is for lack of jurisdiction. See 28 U.S.C. Sec. 2106. We deny Bosley's motion to supplement the record on appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid in the decisional process.
 
 
 7
 AFFIRMED AS MODIFIED.
 
 
 
 *
 The errors which Kenneth Bosley alleged as the basis for his due process claim include:
 (1) The state court's failure to scrutinize Webster Bosley's federal income tax returns;
 (2) The state court's failure to properly credit testimony regarding the herd's Guernsey and Holstein breeding;
 (3) Purported judicial bias, based upon a variety of clearly insignificant factors; and
 (4) The fact that a former county solicitor, who had had an office in the building where the state court hearings were held at the time of those hearings, currently represented Daniel M. Bosley, Sr.